BENNINGTON,
February,
1831.

**SAMUEL C. RAYMOND vs. SILAS SOUTHERLAND, et al.**

The certificate of the jail commissioners is not only *prima facie*, but conclusive, evidence of the notice to the creditor, averred in such certificate.

But, if it were not conclusive, evidence would not be admissible to show, that the creditor was away from his family in another town in the same county, and did not know of the citation, served as the law directs where his family lived.

This was an action of *debt* upon a jail bond. The declaration was in the usual form.

The defence was presented in a special plea in bar, which set forth a petition from the principal debtor to the jail commissioners for his liberation on taking the oath prescribed by law for poor debtors ; the citation issued by said commissioners to the creditor, and service and return of the same ; the decision of said commissioners admitting him to said oath, and their making and

delivering two certificates, in the form prescribed by law, one to said debtor, and the other to the keeper of the prison; which service of said complaint and citation was alleged, in said plea, to have been duly and legally made by Samuel Canfield then sheriff of the said county of Bennington, "*by leaving a true and attested copy thereof, with his return thereon indorsed, at the then known residence of the said plaintiff in the said town of Manchester, and the place designated as the plaintiff's residence in the original writ and execution, on which said commitment originated, in the hands of the plaintiff's son, a person of sufficient discretion then resident therein, and the known clerk and agent in the business of the plaintiff.*"

The plaintiff's replication admitted all the facts set forth in the defendant's plea, except what relates to the residence of the plaintiff, and the service of the citation; and, with regard to them, proceeded as follows: "Yet the plaintiff says, that, at the time when said application was made, and said citation issued, and the pretended service thereof made, to wit,on, &c., he was established at Bennington, in said county, in a permanent business, as the cashier of the Bennington Bank; and that he then had no other residence in said Manchester, except as his wife and family then resided at said Manchester, whom he occasionally visited; which was then well known to the said Otis, (the principal debtor,) and the defendants, (his bail,) and that the said *Samuel C. Raymond* had no knowledge or notice of the said application, or citation, or of the said pretended service of the same; that he was not at said Manchester, &c.: and the said discharge was without the knowledge or consent of the said *Samuel C. Raymond, &c.*, and without his having any opportunity or means of appearing and showing cause, &c.: all which he is ready to verify, &c., and prays judgement, &c." To this the defendants rejoined, that the plaintiff at the time, &c. &c., had other residence in said Manchester, beside occasional visits to his family; to wit, that, at the time, &c.: and for a long time before and since, he was engaged in a permanent business as a merchant and vendor of goods, wares and merchandise, at said Manchester; nor was any other pretentended residence of the plaintiff know to the said Otis, at the time of his praying out said citation and procuring said discharge; and that said *Samuel C. Raymond*, had due and legal notice of said application and citation, and full opportunity to appear and show cause against said discharge, if any he had; whereof the defendants put themselves on trial. The plaintiff likewise

BENNINGTON, February, 1831.

Raymond vs. Southerland et al.

On the trial of this issue, the defendants offered a regular certificate of the discharge, signed by the jail commissioners, accompanied with no other testimony whatever. This was objected to by the plaintiff, but admitted by the court. The plaintiff then offered to prove the same facts set forth in his replication. This was objected to by the defendants, and the court excluded the same, and decided, that the said certificate of the jail commissioners was conclusive evidence to prove the issue joined between the parties in said cause. And there was a verdict for the defendants. The plaintiff filed his exceptions to these decisions, which were allowed by the court; and the cause ordered to the Supreme Court for a hearing upon these exceptions.

*For the plaintiff it was argued,*—I. That the plea in bar very properly sets forth all the *prior proceedings* to the granting of the discharge.

1. The averment in the plea, that the citation was served by a copy left at the usual place of abode of the plaintiff, is, *prima facie,* an averment of notice. 2. Courts of jail delivery have but a special and limited jurisdiction, and all such courts must substantiate every fact necessary to give jurisdiction, both of the *subject matter,* and the person.—1 *D. Chip.* 39, *Payne* vs. *Ely et al.*; 1 *Vt. Rep,* 253, *Hubbell* vs. *Dimick*; 1 *Vt. Rep.* 81, *Bates* vs. *Hazeltine*; 2 *Mass.* 213; 11 *Mass.* 510; 4 *Mass.* 643, *Bridge* vs. *Ford*; 6 *Johns.* 282; 2 *Wils.* 382; 10 *Coke,* 77; 3 *Cranch,* 331. Nothing is to be *intended* in favour of their jurisdiction.—8 *Term Rep.* 181. 3. Without notice, the court have no jurisdiction over the person; all is "*coram non judice.*"—1 *Aikens' Rep.* 107; 2 *Vt. Rep.* 341; 11 *Mass.* 510; 14 *Mass.* 222; 17 *Mass.* 81.

II. The replication puts in issue the fact of notice. The evidence admitted by the court was not competent, even *prima facie,* to prove the issue. 1. This follows from the principle, that the prior proceedings must be set forth in the plea in bar. It would seem, that, if they must be specially pleaded, they must be as specially proved. 2. By the statute 5 *George II. c.* 30, *s.* 7, the certificate of the bankrupt is made evidence of the proceeding *anterior* to the obtaining the discharge.—1 *Bacon,* 432. This however applies to cases only where the certificate is obtained prior to action brought. If afterwards, the proceedings must be specially set forth, and the certificate is not evidence.—1 *Bacon,* 452, *note*; 4 *Term Rep.* 156; 2 *Chit. Pl.* 427, *note u*; 6 *East,* 413; 1 *Strange,* 533. 3. But still the certificate, though made

BENNINGTON, *February*, 1831.

Raymond *vs.* Southerland et al.

evidence, is held to be but *prima facie*.—1 *Dallas*, 380; *Cowp.* 823; *Doug.* 155; 2 *Strange*, 1042. In the state of New York their statute makes it *conclusive*.—1 *Johns.* 91. 4. But it is said this doctrine ought not to be applied against the surety. We contend it well applies, and that it is so settled by two adjudged cases.—1 *D. Chip.* 39; 1 *Vt. Rep.* 253, above cited.

III. On principle it must be so. The condition of the bond is, that the principal shall remain on the liberties of the yard, until "lawfully discharged." They both stand on the same floor, and what will discharge *one* will discharge the other; both having assumed *one* and the same *joint responsibility*. The very object of taking bail is, that he should answer for the *default* of the principal. And every party, who procures any proceeding at law, must, at his peril, see that those proceedings are regular. If they are not, the bail must be equally responsible with the principal.

The case of *Hubbell* vs. *Dimick* is not opposed by the case of *Simms et. al.* vs. *Slacum*, 3 *Cranch*, 300. In that case, it is true, the Court decided that the *fraud* of the insolvent, in obtaining his discharge, does not vitiate it. But that case is decided on the ground, that a judgement obtained by the fraud of the party, is not *absolutely void*, and that all acts performed under it are valid as it respects third persons.

*Argument of defendant's counsel.*—On the part of the defendants, we insist that the certificates are *conclusive*, as to facts which they contain; and are *all* the evidence which the statute has provided to establish the facts of a legal discharge. These are placed in the hands of the debtor and sheriff for their protection against the creditor.—*Bray. Rep.* 199, 200; 1 *Johns.* 92; 1 *Caines*, 249; 3 *Cranch*, 300. The form of these certificates is prescribed by the statute, which requires the fact to be certified, whether the creditor was, or was not, notified—whether he did, or did not, attend, as well as the fact that the oath was administered—and must be as strong evidence of the one fact as the other. No other evidence is contemplated by the statute. The commissioners have no clerk—are not required to keep any record of their proceeding—or even preserve their files.

*Again.* To require sureties to furnish evidence, beyond the certificates, would be requiring more than they are bound to *profert*, and more than the commissioners are bound to give; and in many instances would be requiring an impossibility.

But in the present case, the antecedent process is set forth, together with the service, in strict compliance with the statute, and

is not denied by the plaintiff's replication : hence no proof of any kind could be necessary.

*Again.* Equally absurd is the idea of admitting evidence on the part of the creditor, to contradict the certificate, and show a want of notice. Cases may, and often do, arise, where notice cannot be inferred from the officer's return, and notice is proved by *parol* before the commissioners. In such case, after a lapse of time, this fact would not be susceptible of proof, in any other way, than by the general averment in the certificate, that the creditor "*having been duly notified.*" As well might the creditor come into court and disprove that part of the certificate, which declares the oath was administered to the debtor.

It is further insisted, in the present case, that, if the plaintiff's testimony had been admitted, it could not have entitled him to recover. The debtor had done all in his power, to entitle himself to the oath; all that the statute required of him.

The plaintiff should be estopped from denying his residence in Manchester. He treated that place as his residence for the purpose of bringing the debtor there for trial and judgement ; dates his execution there, calling himself *Samuel C. Raymond* of Manchester ; and if it be a sufficient residence for these purposes, it must be, also, for all the purposes of the debtor. Where else should the commissioner send his citation ? If a creditor see fit to leave his residence between the time of issuing execution and the citation, it is his own fault, and he could not be entitled to any notice. At all events, the copies left with his known agent must be good notice. Any other doctrine would sanction the grossest fraud, on the part of the creditor, towards his imprisoned debtor.

It has been held on demurrer, that the antecedent process must be set forth in the plea ; but, when this is done, it is but inducement, and the taking the oath is the gist of the proceedings ; and, should issue be taken on the fact of notice, the certificates prove that as well as the other facts, which it states.—1 *Vt. Rep.* 253 ; *D. Chip. Rep.* 37. In the cases last cited, it appeared from the pleadings, that the courts of jail delivery were acting without jurisdiction. And the decisions seem to be in perfect harmony with the doctrine laid down in the case of *Smith et al.* vs. *Quinton, Brayton,* 200, where the certificate was regular upon the face of it. See also *supplement to Viner,* 264, *Moody* vs. *Thurston ; same case,* 1 *Str. Rep.* 481.

There can be shown no good reason, why the *certificate* of jail commissioners should not have the same validity as that of a sheriff,

clerk, or any other officer, whose duty it is to certify any particular fact under his office oath.—4 *Mass. Rep.* 478, *Slayton* vs. *Chester* ; *Brayton's Rep.* 85, *Hawks* vs. *Baldwin et al.*

At all events, it is believed the Court will not grant a new trial to the plaintiff, where the whole amount of his damages claimed is not sufficient to defray the expense of such trial, and where it is manifest, that substantial justice has been done.—1 *Aikens' Rep.* 53, *Ross* vs. *Bank*. This suit stands between creditor and surety, without any equitable considerations in favor of the plaintiff, more than the defendants, so that, if any principle can be brought to bear in favor of the defendants, they are entitled to its benefit.

Hutchinson, C. J., after stating the case, delivered the opinion of the Court.—The members of the Court are not exactly agreed, with regard to the principal point intended to be submitted to us by the parties; yet are agreed in the final disposition of the cause.

The issue joined by the parties seems to embrace the question, whether the creditor, *Raymond*, had notice of the complaint and citation, and an opportunity to appear, and object to the debtor's being admitted to take the oath. The exceptions to the decisions on trial present two questions, that have now been argued. The defendants produced no testimony, except the certificate, to prove the issue on their part; and the court considered this conclusive, and excluded the evidence offered by the plaintiff; and seem to have excluded it on the ground that the certificate was conclusive. Whether this be conclusive, as an abstract question, and in one view here presented, I am unable to concur with my brethren in opinion. I perceive no necessity, in this case, nor any other, of losing the analogy of well settled principles, when the analogy is obvious. When a sheriff justifies an alleged trespass by showing a regular execution from a court of competent jurisdiction to issue such execution, and showing that he acted within its mandates, he makes a good justification, without producing a transcript of the record of the judgement. But, if the creditor is obliged to justify the same trespass, the execution is of no avail to him, unless accompanied with the transcript of the record of the process and judgement. To this he was a party, and for its regularity, so far as could affect the jurisdiction of the court, which rendered the judgement, he is responsible. I consider if the sheriff were sued for an escape, the certificate, lodged with him, would be sufficient of itself; for the sheriff is under no obligation

Bennington, *February*, 1831.

Raymond *vs.* Southerland et al.

to look further than the certificate. But, if the creditor could prove, that there never was any complaint, nor citation, nor notice to the creditor, so that the commissioners could have no jurisdiction to act upon the subject, and that all this was well known to the sheriff when he received the certificate, this proof should remove from the sheriff all benefit of the certificate. If he knew the whole to be a false and fraudulent management to discharge the debtor, he ought not to connive at it, nor let the prisoner go. This suggestion is not wholly without authority. The case of *Adams* vs. *Mattocks*, very shortly reported in *Brayton*, was decided when Messrs. Aldis, Skinner and Fisk composed the court, if I mistake not. That was an action for an escape. The defence was, that the prisoner was regularly admitted to the poor debtor's oath before the escape. The facts were, that an idea was generally prevalent, that a prisoner might be admitted to the oath, without notice to the creditor, unless such creditor lived in the county, or had an agent there. The prisoner was committed, and forthwith made his complaint, and was admitted to the oath without notice, the creditor living in another county, and having appointed no agent in the county where the prisoner resided. The certificate showed that no notice had been given. The Court decided, that these circumstances afforded no excuse for not notifying the creditor; and held the sheriff liable for the escape. Here the sheriff was informed, by the certificate, that there was no notice. But, if the certificate had shown notice in the usual form, and the sheriff knew that the prisoner was committed and discharged on the same day, when the law required twenty days' notice, such a false certificate, known to him to be false, ought not to vary his liability. In the case before us, the sheriff is not sued. This suit is upon the bond, which is in form a security to the sheriff against any escape; but by law it is, in all its substance, a security to the creditor, that the debtor shall remain within the prison limits till the debt is paid, or till he, in some way, is lawfully discharged. The discharge relied upon, in defence of the suit upon this bond, is one procured by the debtor from the commissioners of jail delivery. He produces their certificate, in the statute form, that he had made application; that the creditor had been duly notified, and that the prisoner ought to be discharged. Now the commissioners had no jurisdiction to act upon this subject, until a written application to them by the debtor, followed by their citation, and service made upon the creditor by a copy, as in cases of writs of summons. The argument, however, is, that

this certificate is conclusive proof of all these prior proceedings. The statute has attached no such consequence to this certificate. It must be given by construction, if in any way. Why not attach such consequence to the recital of a judgement in an execution? It is so done in case of the officer, as before suggested; but never as regards the creditor. He must produce the transcript of the record of the judgement; and that cannot be read, unless accompanied with a copy of the writ and service, which would show the parties to the judgement regularly before the court.

Against this is urged the want of records of the doings of the said commissioners of jail delivery. No law requires them to make records. Suppose we treat this certificate as the record of their judgement, or as a certified transcript of that record; what hinders the production of copies of the complaint, citation and service? That these, or the originals, are not to be had, in matters of recent date, is not a supposable case. There is a further answer to this suggestion. There never was any law in this state, till the year 1821, requiring a justice of the peace to keep, or make, any record of his proceedings; none, that said any thing about his preserving his files. Yet, from the dawn of our jurisprudence, no judgement of a justice of the peace could be proved before any of our judiciary tribunals, without a regular copy of the judgement, and of the foundation process. And, during all that time, as now, the sheriff could justify by his execution only. That he was bound to obey, and by that he must be justified. If there be actually any difficulty of proof for want of records, in this case, I would apply a different and safe remedy; safe at least for the debtor. I would treat this certificate as only *prima facie* evidence of notice; and let the creditor bear the burden of resorting to the files and records of the jail commissioners, and proving the real facts about notice. The statute expressly requires six days' notice to the creditor. The necessary inference of law, and one supported by judicial decisions in analogous cases, is, that proceedings without any notice are wholly void. If a case should happen, that a debtor in prison, by fraud, accident or mistake, obtains a certificate, when the creditor has had no notice; say there is a service made upon some other person of the same name as the creditor; or there is no pretence of any service, and no return whatever upon the citation, and this overlooked by some carelessness of the jail commissioners; in any such case, should the debtor leave his certificate with his bail, and be off, a decision, that this certificate should legalize proceedings, so

illegal and void, beyond the reach of any remedy for the creditor, is one to which I cannot subscribe. I would at least let him prove them thus void, and restore his remedy.

While the hardship of the defendants is urged, they being bail only, I need only observe, that the bail has undertaken for the principal, and become jointly and severally holden with him; and, if the principal debtor has committed a breach of the bond, that is the very and only thing, that should, and does, fasten the debt upon the sureties. The debtor can do nothing, without the concurrence of the creditor, that would discharge his bail from a suit upon the prison bond, but what would discharge himself also.

The defendants' counsel have cited a case from *Cranch*, in which it was decided, that a discharge of this character is a bar to any action upon the prison bond, though such discharge was obtained fraudulently. It must be noticed, that the proceedings, and notice, and certificate of discharge, in that case, were all perfectly regular. The fraudulent procuring was the debtor's false swearing on the hearing of the merits, and taking the insolvent oath. He thus became liberated from his imprisonment. The statute in that case, like our statute, enacts, that the debtor thus swearing falsely shall take no benefit by the proceeding. The Court decided, that no action lay upon the bond, while that discharge remained in force, but the debtor was liable to be again imprisoned for the same debt. That decision can be supported upon the well settled principle, that a judgement is binding upon those who are parties to it, while it remains in force. Third persons may attack collaterally, in certain cases; but a man who would avoid the force of a judgement to which he is party, must institute process to reverse it, or set it aside and obtain a new trial. If we are told, that there is no method thus to set aside the decision of jail commissioners; in such a case, of a discharge procured by perjury, a court of chancery would readily enjoin the debtor from using such discharge; and, if the bail had in no way connived at the iniquity, the discharge might be left in force for his use. We must not lose sight of the distinction between a wrong decision of the commissioners, by reason of fraud or ignorance, on the merits of a case, where the parties are regularly before them, and a decision that may be just upon the merits, in a case not so brought before them, as to give them jurisdiction. In the former case, it is valid till set aside. In the latter, all is void; and the party injured ought at least to be permitted to show this irregularity and avoid the force of the decision. Thus should it

be, so far as relates to the parties, the creditor and debtor; not forgetting the exception, already mentioned, in favor of a sheriff, who discharges his prisoner, on receiving a certificate, apparently regular, and which he has reason to suppose was regularly obtained. In such case the remedy of the creditor would not be upon the sheriff; but upon his debtor, by action of debt, or *scire facias*, on his judgement.

My brethren seem to consider my views opposed to the current of decisions in this state. All the decisions were reviewed in the case cited by the plaintiff's counsel, decided in this county two or three years since. I allude to the case of *Hubbell* vs. *Dimick et al.* That opinion was announced, in all its substance, if not its form, as reported, and now before us; and I considered that the members of the Court then present were perfectly agreed in that opinion. I had no intimation to the contrary. In that case, the defence was overruled; the board of commissioners being composed of persons, who might have jurisdiction, if the facts would warrant; but, as the facts were in that case, they had no jurisdiction.

As the counsel have labored this question, it was deemed proper to express our views upon it. Yet I view it rather as an abstract question, than as one upon which the action must turn. The plaintiff's plea sets forth a regular complaint, and citation; and a service of the same by the sheriff of the county, describing that service with great particularity, as has already been noticed. The plaintiff's execution described him as of Manchester. The sheriff left his copy at the then known residence of the plaintiff in said Manchester, in the hands of the plaintiff's son, a person of sufficient discretion, then resident therein, and the known clerk and agent in the business of the plaintiff. This return shows a service in all respects regular and perfect, except its not mentioning the absence of the plaintiff, as a reason for leaving the copy with the son. Whatever might have been the result of a plea in abatement, urging this defect, it surely is not a defect, that can render the proceedings void. To avail at all, it must be urged by a plea in abatement. This plea, after stating the proceedings thus far, adds the decision and certificates of the commissioners. All this presents a legal discharge, a full defence to this suit upon the bond. How, then, is this met by the plaintiff? He does not traverse any one of these facts. His replication affects none of these facts, except that which supposes the residence of the plaintiff to be in Manchester. The replication attempts to show,

that Manchester was not the place of the plaintiff's residence in such a sense, that the copy should have been left there. For that, though the family of the plaintiff remained at Manchester, he was established in business at Bennington in the same county, as cashier of the bank there, and only visited his family occasionally, &c. The parties, at length, join issue upon the question of residence and notice. The defendants read their certificate, and the plaintiff offers to do away its force, by proving the fact of his being established at Bennington as above mentioned. If the certificate were not conclusive for the defendants, this testimony is of no force to do it away. The plaintiff and his family living at Manchester, and suits brought by him describing himself as of Manchester, his going to Bennington himself, as he alleges, and leaving his family at his former residence in Manchester, and leaving his son there also, as his clerk and agent, as alleged in the plea, and not denied, is no such change of residence as prevented the leaving the copy with the son at Manchester. A man's residence is where his family is, unless he has totally abandoned them, or they him; neither of which is pretended in the present case. If the plaintiff had no notice in fact, he must blame his son and agent, who received the copy from the sheriff, and whose duty it was to deliver the same to the plaintiff. We are all agreed, that this testimony was correctly excluded. I am disposed to observe, that the pleadings in this cause are protracted, by declaring upon the evidence. The question should have been presented by a direct allegation, that the plaintiff's residence was at Bennington. Then the question for decision would have been, whether the facts proved, or offered to be proved, supported the issue.

The judgement of the county court is affirmed.

Williams, J.—We all agree in this case in affirming the judgement of the county court, but our views are not the same as to the effect of the certificate. A majority of the judges present consider the certificate given by the commissioners of jail delivery as conclusive evidence of the facts set forth therein, in that the creditor was duly notified, as well as that the debtor was admitted to the oath.

These commissioners are not constituted a court of record, and they are not required to keep any record of their proceedings. On application to them they are to issue a citation to the creditor, and when they administer the oath they must give two certificates, one to the imprisoned debtor, and the other to the keeper

of the jail, and it is their certificates which entitle the debtor to his release from jail. When the one directed to the keeper of the jail is delivered to him, if it is in regular form and from a board having jurisdiction, he is bound to let the debtor depart out of his custody ; or if the debtor is within the limits, he may depart, and neither his bail nor the sheriff have any further control over him. And it is difficult to conceive how a departure from the prison or the liberties, under the licence or authority of a tribunal constituted for the express purpose of determining upon the propriety of giving such licence, and regular upon the face of it, can subject the person departing, his bail, or the sheriff, to any liabilities in consequence of such licence being improperly granted.

But if we consider the board of commissioners as a court, the reasons for considering their certificate as conclusive of the facts set forth therein, are still more forcible. It is their duty to give notice to the creditor, and they must decide upon the sufficiency and regularity of the notice. It is a principle which applies to all judicial tribunals, whether superior or inferior, that their judgements, in cases within their jurisdictions, are conclusive, and cannot be impeached collaterally. As it is the province and duty of these commissioners to determine whether the creditor has been notified, if they adjudge that he has been, and grant their certificate accordingly, their judgement in this particular cannot be questioned.

If they undertake to decide that notice in a particular case is not necessary, or if they decide that notice to a person other than the creditor is sufficient, and this appears upon their certificate, the certificate itself may be void, and no protection to the debtor: but if they directly certify that the creditor has been notified, I know of no way in which their judgement can be questioned.

The county court have to decide frequently whether notice to a defendant who was out of the state at the time of service is proved. This Court have to decide, in cases of divorce, whether the residence of the party petitioning is proved. In neither case can their decision be questioned elsewhere. The same reason which forbids that their judgements in this particular should be reexamined before another tribunal, applies to the determinations of the commissioners of jail delivery.

The danger of having this subject open to discussion has very great weight with me. The commissioners are called on to adjudge whether a citation is regularly served ; they determine that it is, and proceed to administer the oath to, and discharge the

Bennington, February, 1831.

Raymond vs. Southerland et al.

imprisoned debtor. It would be manifestly wrong to subject the debtor or his bail to a large amount because another tribunal thought their decision erroneous.

But this question has been fully settled. The decisions in this state have been more uniform upon this subject than upon any other. The cases of *Childs* vs. *Morse* and *Osgood*, *2 Tyler*, 221; *Brush* vs. *Robinson et al. do.* 358; *Adams* vs. *Mattocks*, *Bray.* 199; *Thornton* vs. *Robinson* and *Howard*, *do.* 199; *Smith et al.* vs. *Quinton*, *do.* 200, are direct authorities upon this point. Judge Paddock, in giving the opinion of the Court in a case decided last winter, of *Haight* vs. *Richards et al.** expressed the same opinion. And from a conversation I have had with the late Chief Justice Prentiss, I know his opinion to be that the certificate is conclusive evidence of notice. His opinion delivered in the case of *Hathaway* vs. *Holmes*, (1 *Vt. Rep.* 405,) is to the same effect, and so is the decision of the Supreme Court of the United States, in the case of *Simms* and *Wise* vs. *Slacum*, 3 *Cranch*, 300.

I cannot consider the case of *Hubbell* vs. *Dimick*, as in any way overruling these authorities. That case does not determine of what the certificates are evidence; but it appears to me that both the want of jurisdiction and notice appeared on the face of the certificates. All that the Court was required to decide was, that if a judge of the county court is called on to act as a commissioner of jail delivery, and grants a certificate, the reason of his being so called should appear in the plea setting forth the proceedings of the commissioners. The general jurisdiction of all cases of that kind is given to the commissioners; and if a judge takes the place of a commissioner for the reasons pointed out in the statute, the reason of his so taking the place should be set forth in a plea, to shew that he has jurisdiction. The Court were also, by that case, required to decide that service on a person other than the creditor named in the execution was not in conformity to the statute. The correctness of these decisions cannot be questioned. They were warranted by the case of *Adams* vs. *Mattocks*, before mentioned, and are recognised to the full extent of what the Court were required to decide. And no case is an authority any farther. I apprehend the decision in the case of *Hubbell* vs. *Dimick*, does not conflict with the authorities before cited, but is rather in accordance with them, and leaves the decision unshaken, that the certificates given by the commissioners of jail delivery, if in regular form, are conclusive evidence of the facts therein set forth.

*Ante, page 77.

and cannot be questioned collaterally in any other action. Judges ROYCE and THOMPSON concur in this opinion.





THOMPSON, J., said he yielded to the weight of authorities, in favor of the opinion expressed by WILLIAMS, J., but upon principle, aside from the authorities, he agreed with the Chief Justice.

*Bennet & Aiken,* for plaintiff.

*Sargent,* for defendants.