## GEORGE A. ALLEN vs. ASA HALL.

When the commissioners of jail delivery certify that the creditor is duly notified, their certificate is conclusive.

Their decision, on a plea of abatement, cannot be examined in an action against the sheriff for an escape, or on the jail bond.

The effect of their decision is the same, when they certify the manner of notice, if they also adjudge and certify that the creditor was duly notified.

This was an action of debt upon jail bond, executed by the defendant and one Robert Beach, who was committed on an execution in favor of Horace Lovely. Several pleas were interposed by the defendant. But the only question which arose on the trial

of the case, was upon the plea of discharge from imprisonment under the poor debtor acts, which depended upon the validity of the following certificate:

CHITTENDEN,
January,
1836.

Allen
vs.
Hall.

" STATE OF VERMONT, }
    Chittenden County, ss. }
" To George A. Allen, keeper of the jail in Burlington, in the County of Chittenden and State of Vermont,
                              " GREETING :

    "Whereas, Robert Beach of Hinesburgh, in the county of
" Chittenden and state of Vermont, a prisoner in your custody, on
" an execution, at the suit of Horace Lovely of Burlington, in the
" county of Chittenden and state of Vermont, for the sum of 115
" dollars and 19 cents damages and for the sum of 15 dollars and
" 94 cents, costs of suit, whereof execution remains to be done
" for $31 43, signed by Nathan B. Haswell, clerk, and dated the
" 9th day of May, A. D. 1834, has this day taken the oath pre-
" scribed in an act entitled 'An act relating to levying executions
" and to poor debtors.' The said Lovely was notified by a copy
" having been left with William Weston of said Burlington, the
" attorney of record of said Lovely, twelve days before the time
" of hearing set in the citation, who showed to the commissioners
" the following facts, which were proved to the satisfaction of said
" commissioners, viz: that the said Lovely had resided in the
" town of Burlington, in the count of Chittenden, for some two
" years with his family—that in the spring of 1834, said Lovely
" went with his family to Hinesburgh, and stayed in his father-
" in-law's family, (Mr. Smedley) and remained there until two
" days previous to the service of the citation, when the said Love-
" ly left Hinesburgh and went out of the state to seek a residence
" for himself and family, leaving his wife and children in Hines-
" burgh, in said Smedley's family where they continued to remain
" and still remain.

    " The attorney pleaded the above facts in abatement of the pe-
" tition, contending that the copy should have been left at the last
" and usual place of abode of the said Lovely, and not with the
" attorney.

    " The commissioners decided that the said notice to the said
" Lovely was legal aud sufficient and overruled the plea, and in
" our opinion the said Robert Beach ought to be discharged.

    " Witness our hands, at Burlington, this 10th day of July,
A. D. 1834.

                GEORGE P. MARSH, }
(Signed)       I. P. RICHARDSON, } Commissioners."
                HENRY WHITNEY, }

The court having decided that the decision of the jail commissioners, in relation to the sufficiency of service as appears from the above certificate, was conclusive, directed a verdict for the defendant. Whereupon the plaintiff excepted, &c.

Chittenden,
January,
1836.

Allen.
vs.
Hall.

*Mr. Weston for plaintiff.*—Although the defendant has pleaded *seven pleas* in bar to this action, the only question that ought to have been presented for the decision of the court, is the validity of the jail commissioners' certificate.

I. The certificate shows what the notice was and that Lovely was a resident of the county—that he was absent from the state at the time of the service of the citation, and that his family, (wife and children) at that time, resided in Hinesburgh, in Chittenden county ; and we insist that the service of the citation upon the creditor's attorney of record, under such circumstances, is no notice to the creditor.—Stat. p. 221—S. 12 p. 237, no. 22—p. 241, no. 30.

2. The jail commissioners derive their whole authority from the statute, and if upon the face of their proceedings it appears that the creditor was not notified, the certificate must be void if notice was necessary.—*Dimick* vs. *Hubbell*, 1 Vt. Rep. 253—*Dean* vs. *Lowry*, 4 Vt. Rep. 481—*Raymond* vs. *Southerland*.—3 Vt. R. 505. And can the case be varied where they certify that no notice was given, or where they set forth a notice not authorized by statute ? We think not.

*Messrs. Hyde and Peck for defendant.*

The opinion of the court was delivered by

Williams, Ch. J.—The pleadings in this case have been extended altogether beyond what is either necessary or proper. By setting forth the certificates of discharge, executed by the jail commissioners, in a plea in bar, all the questions which have been made in this case would have been presented.

Robert Beach was committed to jail on an execution at the suit of Horace Lovely. He was discharged from his imprisonment by the commissioners of jail delivery, on taking the oath prescribed in the statute. The manner in which Mr. Lovely was notified of the application of Beach for the benefit of the statute, is set forth in the certificates given by the commissioners, as well as the fact of the appearance of the attorney of Mr. Lovely, and the determination of the commissioners, on the plea of abatement, filed by him. The questions which are here made, are as to the sufficiency of that notice.

It is settled by repeated adjudications, that the commissioners must decide upon the sufficiency and regularity of the notice given to the creditor, on the application of the debtor to be admitted to the oath for poor debtors. They are required to decide upon this

and their determination is to be stated in the certificates which CHITTENDEN,
January,
1836.

Allen
vs.
Hull. they give. Their decision cannot be questioned in any other suit.

If a plea in abatement can be interposed to a citation, it must necessarily be heard before, and adjudicated upon by the commissioners, and their decision thereon must be final and conclusive.

The commissioners have decided, that the citation to the creditor was properly served, by leaving a copy with his agent or attorney of record. The question was presented to them for their determination, by a plea in abatement, and if their view was erroneous or their decision incorrect, it cannot be reviewed in this or any other suit.

The only cases where the certificates of commissioners have been adjudged void and inoperative, are when no notice to the creditor has been given, although required by the statute. The commissioners are not constituted judges of the question, whether notice is or is not to be given; but when notice is attempted to be given, they are to determine on the sufficiency of the notice, and certify accordingly.

The only ground on which the plaintiff claims to recover in this case is, that no notice was given to the creditor in the execution. But he appeared by his attorney, Mr Weston, and filed a plea in abatement that the service of the citation was defective. When a party appears to a suit and files a plea in abatement, on which a judgment is rendered, overruling the plea, he cannot afterwards, either in that or any other suit, aver or allege that he had no notice of the suit. Neither of the judges, in the case of *Raymond* vs. *Southerland et al.* 3 Vt. R. 494, intimate an opinion, that the decision of the commissioners on a plea of abatement could be re-examined and set aside in a collateral suit.

The present is not a case where the commissioners have decided that "notice to a person other than a creditor is sufficient." Their decision is, that notice was given to the creditor by serving the citation on his attorney.

The propriety of the commissioners giving a certificate in the form adopted in this case, may well be doubted. It would be attended with great hazard, if the commissioners, who are to determine on the question of notice, may certify the facts proved before them, together with their decision thereon; and the debtor, his bail, or the sheriff are to incur the risk of their determination being a legitimate inference from the facts found.

In every point of view we consider that the certificate of the

CHITTENDEN,
January,
1836

Allen
vs.
Hull.

commissioners, that the creditor was duly notified, was conclusive, and there has been no breach of the condition of the jail bond. The judgment of the county court is therefore affirmed.