## William P. Baker *vs.* John H. Moffat & another.

The certificate of two justices, in the form prescribed by the Rev. Sts. *c.* 98, § 10, upon administering the poor debtor's oath, stating that the debtor had caused the creditor, at whose suit he is confined, to be notified according to law, is not conclusive of the regularity of the notice.

The provision of *St.* 1848, *c.* 286, § 1, that when a debtor " shall have given to the creditor notice of his intention to take the benefit of the law for the relief of poor debtors, no new notice of the same intention shall be given, until the expiration of seven days from the service of the former notice," applies to a case, where the first notice is defective and insufficient. [But see *St.* 1850, *c.* 212.]

Bigelow, J. This is an action of debt on a bond given for the prison limits. The question presented on the agreed statement of facts is, whether the defendant Moffat duly complied with the requisitions of the statutes for the relief of poor debtors, and was thereby legally discharged from cus‹ tody. The defect in the proceedings relied on by the plaintiff is, that there was no legal service on the creditor of the cita

tion to take the poor debtors' oath. The decision of this question depends on the construction of the statute of 1848, *c.* 286, § 1. Preliminary to this inquiry, however, it is necessary to consider an objection made by the defendant, which, if valid, would dispose of the case at once. The certificate of the magistrates is in the form prescribed by the Rev. Sts. *c.* 98, § 10, and, among other things, certifies that the creditor was duly notified. It is contended by the defendant, that this certificate is conclusive on the plaintiff, and that he cannot go behind it and offer evidence to control or contradict it. This point is not now raised for the first time, and it is sufficient to say, that it has been repeatedly, and quite recently, overruled by this court. *Putnam* v. *Longley*, 11 Pick. 487; *Slasson* v. *Brown*, 20 Pick. 436; *Ward* v. *Clapp*, 4 Met. 455; *Young* v. *Capen*, 7 Met. 287. The dictum in *Haskell* v. *Haven*, 3 Pick. 408, relied on by the defendant, has long since been reconsidered and overruled. 20 Pick. 439. And it must now be regarded as the settled law in this commonwealth that, in a suit on a bond for the prison limits, the creditor may go behind the certificate, and show informality in the notice to the creditor, or in the proceedings before the magistrates, for the purpose of charging the sureties on the bond. The certificate is only conclusive for certain purposes. It entitles the debtor to his discharge from custody by the jailer, and is a sufficient warrant to the jailer for such discharge; and it exempts the debtor forever afterwards from arrest or imprisonment for the same debt; Rev. Sts. *c.* 98, §§ 11, 14; but, beyond this, it has no conclusive effect.

Turning now to the consideration of the main point in the case, it appears, by the agreed statement of facts, that a citation was served on the creditor, on the 17th of March, 1849; but it was supposed that this citation was invalid, because there was an error in its date, and in the time fixed for the examination of the debtor. It was therefore abandoned, and another notice was then served, on the 22d of March, fixing the time for taking the oath on the 26th of March; and on this last-named day, the debtor took the oath, and received the certificate of the magistrates; after

which, and before the expiration of the ninety days, he went beyond the prison limits. It is therefore admitted, that five days only elapsed between the service of the citation, on the 17th of March, and the service of that on the 22d, under which the debtor was discharged. Now, by the statute of 1848, *c.* 286, § 1, it is enacted, that when a debtor "shall have given to the creditor notice of his intention to take the benefit of the law for the relief of poor debtors, no new notice of the same intention shall be given, until the expiration of seven days from the service of the former notice." It would seem, therefore, looking only at the letter of the statute, that the notice of the 22d of March, under which the debtor was admitted to the oath and discharged, was clearly invalid, being given only five days after the former notice.

But it is contended on the part of the defendant, and for the purposes of the argument it may be conceded, that the notice of the 17th was illegal and void, on account of the error in its date. This being so, he further contends that it is to be treated as a nullity, and has no effect to invalidate the notice given on the 22d; in other words, that the meaning of the statute is, that no new notice shall be given until the expiration of seven days from the service of a former valid notice; and that the former notice in this case, being illegal and invalid, is to be disregarded and treated as a nullity.

The most obvious consideration which suggests itself on this construction of the statute is, that such is not the language used by the legislature; and, in order to give effect to such an interpretation, it would be necessary for a judicial tribunal not merely to give a true meaning to words actually used in the statute, but to insert qualifying expressions which the legislature have omitted.

But the more decisive answer is, that such a construction, so far from carrying out what seems to have been the object of the statute, has a direct tendency to defeat it. The manifest intent of the legislature, in requiring an interval of seven days between the service of two citations, was to prevent the

debtor from harassing his creditor by successive and repeated notices, given as often as the pleasure or caprice of the debtor might dictate. It was intended to operate as a sort of penalty on the debtor for giving an ineffectual or informal notice, and compelling the creditor to incur the expense and trouble of a useless attendance at the time and place appointed for the examination. To hold that an illegal and informal notice did not come within the statute, so as to defeat a new notice, given before the expiration of seven days, would take away the salutary restraint which the statute intended, in this particular, to impose on the debtor. One great purpose of the system of imprisonment for debt, as it is now modified by modern philanthropic enactments, is to enable the creditor to put his debtor on examination, and search his conscience as to his property and means of payment. To effect this object, the personal attendance of the creditor or his attorney is necessary; and if he omit to attend at any time appointed by a citation, the opportunity for such examination may be lost. Now the creditor cannot decide upon the sufficiency of a citation. The defect may be latent, or it may be questionable whether there is any defect; and it may be quite uncertain whether the magistrates will hold it to be a good or an invalid citation. The creditor, therefore, must take upon himself the responsibility of deciding that the notice is not valid, or he must attend at the time and place appointed, in order to avail himself of his legal rights. Whether the notice be informal or regular, the attendance of the creditor may be equally necessary. It is very plain, then, that the mischief which the statute intended to remedy would not be reached, if the construction contended for by the defendant should prevail.

And this view is greatly strengthened by a consideration of § 39 of *c.* 98 of Rev. Sts. By that section it was provided, that no new notice of an intention to take the poor debtors' oath should be given, until the expiration of thirty days from the service of the former notice, unless said former notice was ineffectual from some defect therein, or in the service thereof. The statute of 1848, now under consideration, was a substitute for this provision, and repealed that section of the re-

vised statutes. The legislature shortened the interval between the notices from thirty to seven days, and at the same time omitted the clause in the revised statutes which rendered the prohibition inoperative in case the previous citation was informal or defective. This omission must have been intentional. The legislature, acting on this same subject, repealing the old law and substituting a new one, carefully omitted a clause which gave an important qualification to the former statute. The defendant now asks us so to construe the new statute' as to insert in it substantially the same provisions which the legislature have studiously omitted. But this cannot be done without violating every sound rule of construction.

For these reasons, without considering the other questions presented by the statement of facts, and argued by counsel, the court are very clearly of the opinion, that the notice of the 22d of March was invalid, because it was served before the expiration of seven days from the service of the previous notice.        *Judgment for the plaintiff.*

*H. C. Hutchins,* for the plaintiff.
*H. A. Scudder* and *J. Q. Kettelle,* for the defendants.