BESSIE ANDERSON *vs.* EDWARD W. DEWEY.

First Judicial District, Hartford, January Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A certificate issued by a justice of the peace which recites a compliance with all the requirements essential to give him jurisdiction to administer the poor debtor's oath in accordance with General Statutes, § 2946, and its actual administration to the applicant, is a complete protection to the jailer, who, in reliance thereon releases the debtor, although as matter of fact the judgment creditor had no notice of the debtor's application to take the oath; for the jailer is only bound to see that the warrant is regular upon its face and is issued by competent authority.

In order that such a certificate may appear regular upon its face, it should contain a recital of all facts essential to give the justice of the peace jurisdiction to administer the oath.

The obligation to issue such a certificate, although not expressly prescribed by the statute, is implied from the nature and object of the function.

The mere administration of such an oath is a ministerial act, but in inquiring into the matter and in determining that "no sufficient reason is shown" why the oath should not be administered, the justice exercises judicial functions.

Argued January 4th—decided March 8th, 1917.

ACTION against the sheriff of Hartford County for wrongfully permitting a prisoner, confined in jail on civil process, to escape, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.*, upon a demurrer to the reply; the court sustained the demurrer, and, upon the refusal of the plaintiff to plead over, rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

*John J. Dwyer*, for the appellant (plaintiff).

*Noble E. Pierce*, for the appellee (defendant).

WHEELER, J. The complaint alleges that the defendant, as keeper of the jail in the county of Hartford, wrongfully suffered one Rostek to escape from his custody as such keeper.

In his answer the defendant admits that he released Rostek by authority of a certificate issued by a justice of the peace and served upon him, which recited that Rostek while in the jail limits made application to the justice to be permitted to take the oath provided for poor debtors in accordance with General Statutes, § 2946, and that the statutory notice having been duly served upon the judgment creditor, plaintiff herein, and she having failed to appear, and no reason appearing to the contrary, and no notice having been given by the plaintiff creditor that she intended to apply for a review, the justice admitted the debtor to take said oath and administered the same to him.

The plaintiff replied that the application had not been served upon her, nor upon her attorney, and that she had had no notice whatever of the application.

The defendant demurred to the reply because upon its face the certificate was sufficient and the matters set forth in the reply were immaterial and irrelevant. Upon the admissions of the demurrer the statutory notice was not given the plaintiff, and the justice was without authority to administer the oath.

The single question involved is whether the certificate affords protection to the defendant keeper for his release of Rostek. The justice of the peace had general jurisdiction conferred by statute to administer the poor debtor's oath, but only in proceedings taken in strict conformity with the statutory requirements. The certificate under which the justice acted recited all of the statutory requisites, viz: the application made, the notice to the judgment creditor in due form and duly given, the failure of the judgment creditor to appear or

show cause, no reason appearing to the contrary why the oath should not be administered, and no notice by the plaintiff creditor of her intention to apply for a review. These conditions appearing, the statute (§ 2946) provides that the jailer "shall thereupon discharge such prisoner from jail." The statute does not specify in what manner notice of the administration of the oath shall be given the jailer.

The mere administration of the oath is a ministerial act, but the inquiry into the matter, and the determination that "no sufficient reason is shown" why the oath should not be administered, are exercises of the judicial function. The justice of the peace is a judicial officer. The statute does not expressly provide for the recording of the oath administered together with a finding of the statutory conditions preceding such administration, but we think this is implied in the nature of the office and the character of the function. The notification to the jailer should be in writing and should specify the conditions upon which the oath was administered. This conforms to the practice. And it is the only way by which the jailer may be apprised of what the justice has done, and whether he has complied with the legal requirements; and it is the only way in which the jailer may have a certain record upon which he may rely for the proof of his justification in the course he may decide to take. The certificate lodged with the defendant jailer was in the form required by our law, and approved of by our practice.

The action of the jailer in releasing Rostek is supported upon the theory that the certificate of the justice is a process regular on its face, affording to the jailer acting in reliance upon it complete protection. Process is synonymous with writs. This certificate is not a process, but rather a statement of the finding and action of a judicial officer, and the statute imposes upon the

jailer immediate compliance with the action of the justice. He cannot wait, he must act. He cannot investigate or take time to seek advice, he must make his choice. If he should seek advice, his adviser may give him false, though sincere, advice, and he may find himself in consequence liable either for false imprisonment or escape. His duty is as clear as that of an officer with process in his hands. It is for him to see that the process is good upon its face. He need not look beyond his warrant, if it be in due form and issued by competent authority having jurisdiction of the subject-matter and the parties. Prompt service of process is all-important, and to secure it the officer is protected in the performance of his duty, through reasons arising out of the highest considerations of public policy, provided the process be regular upon its face and issued by competent authority. *Watson* v. *Watson*, 9 Conn. 140, 146; *Osgood* v. *Carver*, 43 Conn. 24; *Neth* v. *Crofutt*, 30 Conn. 580.

The authority of the justice to administer the poor debtor's oath is derived from the statute (§ 2946), and is to be exercised only after all statutory requirements are complied with, otherwise he has no jurisdiction to act. The jailer, justifying under the action taken by the justice, must show that all the jurisdictional requirements of the statute have been taken. This he can do by proof of the order or certificate of the justice reciting that he administered the oath. In New York it has been held that justification may be established by proof of the jurisdictional facts *aliunde* the order or certificate, if they are not recited therein. The preferable and safer practice, in our opinion, sanctions proof of justification in only one way, by the order or certificate of the justice.

That the order or certificate may appear regular upon its face, it should contain a recital of all facts essential

to give the justice jurisdiction to administer the oath. *Bullymore* v. *Cooper*, 46 N. Y. 236; *Develin* v. *Cooper*, 84 N. Y. 410; *Seward* v. *Wales*, 40 N. Y. App. Div. 539, 541, 58 N. Y. Supp. 42; *Raymond* v. *Southerland*, 3 Vt. 494; *Allen* v. *Hall*, 8 Vt. 34, 37; *Baker* v. *Moffat*, 61 Mass. (7 Cush.) 259; 1 Bailey on Jurisdiction, §§ 129, 130; 35 Cyc. 1742.

Unless the jailer can rely upon the certificate, good upon its face, he must act at his peril. If he mistakes the facts, or their legal meaning, or is misinformed, liability may follow his effort to perform his public duty, diligent though it was. If he delay to secure advice, or if the advice obtained be incorrect, liability may follow his course. A result subjecting him to constant danger of liability would be an intolerable hardship to him, and inevitably detract from the prompt and efficient performance of his public duty. These, and other like considerations, have made this rule one of public necessity.

There is no error.

In this opinion the other judges concurred.