## HELEN KOWALSKI
### vs.
## BENJAMIN KOKOSZKA

Court of Common Pleas   New Haven County   File #27399

MEMORANDUM FILED MAY 18, 1938.

Edward M. Rosenthal, of Meriden, for the Plaintiff.

Lewis J. Somers, of Meriden, for the Defendant.

PICKETT, J. This is a petition under section 2029 of the General Statutes, Revision of 1930, to review the action of a justice of the peace in administering the poor debtor's oath.

The sole question of importance arises out of the fact that the notice required by statute was signed by a justice of the peace, whereas the petitioner insists that only a commissioner of the Superior Court is now authorized to sign mesne process.

It is settled that: "The authority of the justice to administer the poor debtor's oath is derived from the statute . . . and is to be exercised only after all statutory requirements are complied with, otherwise he has no jurisdiction to act." *Anderson vs. Dewey,* 91 Conn. 510, 513.

Among the provisions of section 2027 of the General Statutes, Revision of 1930, is the requirement that written notice shall be issued, served by a proper officer and returned, calling upon the adverse party to appear and show cause why the oath should not be administered.

The statute reads in part: "Any prisoner on civil process may apply to a justice of the peace to take the oath provided for poor debtors and shall cause notice signed by a justice of the peace to be given," etc.

In this case defendant complied literally with the statute.

Plaintiff contends that section 1618c and 1653c of the Cumulative Supplement to the General Statutes (1935) have, by necessary implication, amended section 2027 of the General Statutes, Revision of 1930, taking away the power of the justice to sign such a notice and vesting that power in a commissioner of the Superior Court.

Section 1618c of the Cumulative Supplement to the General Statutes (1935) defines the powers of a justice of the peace but omits the last clause, which formerly appeared in section 5299 to the General Statutes, Revision of 1930, which read: "He may also sign and issue civil process returnable before any court."

Section 1653c of the Cumulative Supplement to the General Statutes (1935) provides that "Mesne process in civil actions shall be a writ of summons or attachment . . . and, if returnable before a justice of the peace, shall be signed by a

commissioner of the superior court . . ."

The effect of these two statutes was to take from the justice of the peace authority to sign mesne civil process.

In section 1653c the Legislature specifically mentioned sections 5505, 5619 and 5946 of the General Statutes, Revision of 1930, and repealed so much of them as was inconsistent therewith, but made no mention of section 5867 (Bastardy Act) or section 5971 (Summary Process Act), both of which contained provisions authorizing a justice of the peace to sign such process.

At a later session of the Legislature by sections 849d and 851d of the Supplement to the General Statutes (1937), the Legislature definitely eliminated the words "justice of the peace" and thereby settled the confusion which existed as to whether the justice still had power to sign bastardy warrants and summary processes. No specific change, however, was made in section 2027 of the General Statutes, Revision of 1930, relating to the poor debtor's oath.

If, therefore, said section 2027 is amended by section 1653c of the Cumulative Supplement to the General Statutes (1935), it is by implication only.

In *Anderson vs. Dewey,* 91 Conn. 510, at page 512, the Supreme Court holds: "The mere administration of the oath is a ministeral act, but the inquiry into the matter, and the determination that 'no sufficient reason is shown' why the oath should not be administered, are exercises of the judicial function. The justice of the peace is a judicial officer."

This holding seemingly overrules *Betts vs. Dimon,* 3 Conn. 107.

We have then a proceeding setting in motion a judicial inquiry and determination in which the debtor is the moving party, the judgment creditor the "adverse party", in which a process in writing to be formally served and returned is required and a hearing is requisite.

Civil process under our procedure consists of a writ, i.e., notice or summons and a complaint, i.e., statement of the cause of action and remedy sought.

Judge Swift writes in 1 Swift's Digest, p. 589: "Of process. This is the means of giving the defendant notice, or of compelling him to appear in court and is called original,

or mesne process, as distinguished from final process, or execution; and is by summons and attachment . . . A summons is merely giving notice to the defendant to appear at some court described in the writ . . ."

I conclude that this whole proceeding, involving as it does a judicial determination definitely affecting rights and remedies and being, as it is, an original process, falls in the category of mesne process as defined in section 1653c of the Cumulative Supplement to the General Statutes (1935) and that the justice of the peace was without authority to sign the same and, therefore, never acquired jurisdiction of the matter and could not lawfully administer the oath.