New-Haven,
July, 1836.

Prince
v.
Thomas.

***

### PRINCE *against* THOMAS.

If a warrant issues from a magistrate or officer of special and limited powers, who has not jurisdiction of the person, subject matter and process, all who are voluntarily and actively concerned in its procurement and execution, are trespassers.

But where a justice of the peace, on application duly made, by the committee of an ecclesiastical society, with a rate-bill, regular and valid on the face of it, *grants a warrant for the collection of the tax, this act is within his jurisdiction*; and although the tax was not legally imposed, he is not liable in trespass.

Where a collector, having such warrant, levied it, in the town of *N.*, on the chattels of one of the persons, named in the rate-bill, and posted such chattels on the sign-post in the town and society of *B.*, where the debtor resided, and there sold them; it was held, that this proceeding was illegal, and furnished no justification of the taking and sale; consequently, the collector was liable in trespass.

THIS was an action of trespass, in two counts; the first, alleging an arrest and imprisonment of the plaintiffs' body; and the second, the taking and conversion of a horse, wagon and harness, the property of the plaintiff. The defendant pleaded the general issue, with notice of justification.

The cause was tried at *New-Haven, January* term, 1836, before *Waite,* J.

The plaintiff proved the acts complained of in this declaration. The defendant, in justification of those acts, offered in evidence a vote of the ecclesiastical society of *Bethany,* a rate-bill, warrant and return thereon ; and claimed, that he committed the act in question, by virtue of such rate-bill and warrant, and to enforce the payment of the tax set against the plaintiff's name. The rate-bill, reciting the vote of the society, was as follows : " Whereas the Congregational Society of *Bethany,* at a legally warned meeting, holden on the 15th day of *April,* 1835, passed the following vote, granting a tax to be levied on and collected of the members of said society, who were members thereof on and before the 1st day of *March,* 1835 ; which vote is in the words and figures following : Voted, that we tax ourselves six cents and five mills on the dollar, on the *Connecticut* state list of 1834, to defray the expenses of this society, in arrear up to the 1st day of *March,* 1835, payable on the 1st day of *May,* 1835. Now therefore, we, the undersigned, the committee of said society, have made out, and do make out, a lawful rate-bill for the same, under our hands, containing the proportion of each individual to pay for said tax, according to said vote, and according to the list made out and completed according to law for said society, and to which list said vote refers." [Signed by the committee.] Then followed the names of the persons taxed and the amount of each person's tax set against his name. The warrant was in common form and directed to the defendant.

The plaintiff, who was an inhabitant of the society of *Bethany,* read in evidence a certificate, lodged by him on the 4th of *March,* 1835, with the clerk of that society, certifying that he was no longer a member thereof; and offered further evidence to prove, that neither on the 15th of *April,* 1835, when the tax was imposed, nor at any other time, had he been a member of said society, and was never liable to be taxed as such ; which was known to the defendant, at the time of committing the acts complained of in the declaration. The plaintiff therefore claimed, that the defendant could not be justified, by said rate-bill and warrant, and prayed the court so to instruct the jury. The court remarked to the jury, that if the plaintiff's name had been wrongfully inserted in the rate-bill,

by the society's committee, they would be liable for so doing; but although the plaintiff might not have been a member of the society, at the time of laying the tax, or at any other time, and that known to the defendant, yet the defendant would not, on that account, become a trespasser in proceeding to collect the tax, but might be justified by his rate-bill and warrant, provided they were good upon the face of them.

The plaintiff also claimed, that the rate-bill and warrant were void upon the face of them, and gave no lawful power to the defendant to collect the tax against the plaintiff; because it appeared from the certificate of the society's committee, that the tax voted by the society was " to be levied on and collected of the members of said society, who were members on and before the first day of *March*, 1835 ;" and because it appeared, that one of the persons (*Demas Sperry*) named in the rate-bill was a deceased person. The court decided, that the rate-bill and warrant, as against the plaintiff, were not, for these reasons, void.

It was proved, that after the defendant had levied his warrant upon the plaintiff's body, the plaintiff, with a brother of his, took a horse and wagon in *Bethany*, and rode in the wagon to *New-Haven*, the defendant accompanying them on horseback. After they arrived at *New-Haven*, the defendant being informed, by the plaintiff, that said horse and wagon belonged to him, the defendant released the plaintiff's body, and then, at *New-Haven*, levied the warrant upon said horse and wagon. The plaintiff and his brother, at the defendant's request, got into the wagon, and rode back as far as *Woodbridge*, on their way home, the defendant accompanying them on horseback. The plaintiff and his brother then left the horse and wagon, and the defendant then took them back to *Bethany ;* and then, while they were in his possession, posted them, sold the wagon and returned the horse to the plaintiff; and did not post or sell either the horse or the wagon in *New-Haven.* The plaintiff claimed, that the defendant, by omitting to post the horse and wagon in *New-Haven,* and taking them back to *Bethany,* and there posting and selling them, became a trespasser, and liable upon the second count in the declaration ; and requested the court so to charge the jury. But the court instructed the jury, that under these circumstances, the defendant did not become a trespasser.

The jury returned a verdict for the defendant; and the plaintiff moved for a new trial for a misdirection.

*C. A. Ingersoll* and *Blackman,* in support of the motion, contended, 1. That as the plaintiff was not a member of this society, when the tax was laid, nor at any other time, the committee would be liable to the plaintiff in the action of trespass. The assessment against the plaintiff was an illegal one; and an illegal assessment is no assessment at all. *Agry* v. *Young* & al. 11 *Mass. Rep.* 220. *Stetson* v. *Kempton* & al. 13 *Mass. Rep.* 272. *Libby* v. *Burnham* & al. 15 *Mass. Rep.* 144. *Inglee* v. *Bosworth* & al. 5 *Pick.* 498. *Williams* v. *Brace,* 5 *Conn. Rep.* 190. *The Thames Manufacturing Company* v. *Lathrop* & al. 7 *Conn. Rep.* 550.

2. That the defendant having been the collector, is liable in the action of trespass, as well as the committee, and is not justified by the warrant and return. The rule is, when the subject is not within the jurisdiction of the tribunal, every thing done is absolutely void; and the officer, as well as the party, becomes a trespasser. In this case, the plaintiff was not within the jurisdiction of the committee, not being, at the time the tax was laid, and never having been, a member of the society· It was impossible to bring him within the jurisdiction. *Wise* v. *Withers,* 3 *Cranch* 331. *Smith* v. *Shaw,* 12 *Johns. Rep.* 257. *Suydam* & al. v. *Keys,* 13 *Johns. Rep.* 444. *Harrison* v. *Bullock* & al. 1 *H. Bla.* 68. *Mayor* v. *Knowler,* 4 *Taun.* 635. *Williams* v. *Pritchard,* 4 *Term Rep.* 2. *Eddington* v. *Borman,* 4 *Term Rep.* 4. *Perchard* v. *Haywood,* 8 *Term Rep.* 468.

3. That the warrant and return afford no justification for the defendant, because it appears from the process itself, that the tax in the rate-bill was against others than those who were members of the society. Societies have the right only to tax their own members. *Stat.* 434. *tit.* 94. *s.* 7. *Inglee* v. *Bosworth* & al. 5 *Pick.* 498. The vote was to tax "ourselves." The rate-bill was a void one; and the process, which the defendant had, showed it to be a void one.

5. That the property was sold contrary to law, in *Bethany;* and the defendant, therefore, is not justified, by his warrant. It is by statute (*tit.* 2. *s.* 74. *p.* 56.) made the duty of the officer levying upon goods and chattels to satisfy a warrant or execu-

tion, to advertise and post the property taken on the sign-post *in the society where it was taken*, to be there sold at the end of twenty days. The horse and wagon mentioned in the second count of the declaration, were taken in *New-Haven;* but they were neither posted nor sold in *New-Haven.* By selling this property, without posting it in *New-Haven,* the defendant became a trespasser *ab initio. Purrington* v. *Loring,* 7 *Mass. Rep.* 388. *Wallis* v. *Truesdell* & al. 6 *Pick.* 455. *Davis* v. *Capper,* 10 *Barn. & Cres.* 28. (21 *Serg. & Lowb.* 20.) The statute directs, that goods taken by a collector on a warrant, shall be sold in the same manner, as is provided in the case of executions. *Stat.* 455. *tit.* 100. *s.* 19. And an arrest under mesne process, unless the process is returned, makes the officer a trespasser *ab initio.* 1 *Sw. Dig.* 499. Upon the same principle, a sale of property by a collector of a warrant, unless he conforms to the requirements of the law, makes him a trespasser *ab initio.* A sale of property taken under a warrant, without being posted in the society where taken, makes the officer as much a trespasser, as an arrest under mesne process does, without a return of the process.

*Hitchcock* and *R. S. Baldwin,* contra, contended, 1. That trespass will not lie against the collector, if the tax was illegal. *The Thames Manufacturing Company* v. *Lathrop* & al. 7 *Conn. Rep.* 550, 557. *Stetson* v. *Kempton* & al. 13 *Mass. Rep.* 272. *Watson* v. *Watson* & al. 9 *Conn. Rep.* 140.

2. That the rate-bill and warrant were valid. If persons not liable to be taxed or dead, were inserted, and so the rate-bill was void as to such persons, still the plaintiff is not thereby injured, and cannot sue for the injury of another.

3. That the posting in *Bethany,* under all the circumstances, was lawful. But if not, still it was an omission, and no positive act of trespass, and cannot make the defendant a trespasser *ab initio. Waterbury* v. *Lockwood,* 4 *Day* 257. *Smith* & al v. *Milles,* 1 *Term Rep.* 475. *Com. Dig. tit.* Trespass, C. 2.

CHURCH, J. Several points have been raised and discussed, in this case, which it is not necessary for us to decide.

As a general rule, it has been long settled, and is now undeniable, that if a warrant issues from a magistrate or officer of special and limited power, and who has not jurisdiction of the

person, subject matter and process, all who are voluntarily and actively concerned in its procurement and execution, are tres-passers. *Martin* v. *Marshall* & al. *Hob.* 63. *Marshalsea* case, 10 *Co.* 70. *Entick* v. *Carrington*, 2 *Wils.* 275. *Perkins* v. *Proctor* & al. 2 *Wils.* 386. *Smith* v. *Bouchier*, 2 *Stra.* 993. *Avery* v. *Pringle*, 11 *Johns. Rep.* 444. *Hall* v. *Howd*, 10 *Conn. Rep.* 514. *Voorhees* v. *Bank* of *U. States*, 10 *Peters*, 450.

The plaintiff claims, that he was not a subject of taxation, by the society of *Bethany*, and therefore, that the magistrate, by whom the warrant was issued under which the defendant justifies, had no jurisdiction of his person; and also, that the prior proceedings of said society, for several reasons, were illegal and the tax imposed also illegal, and laid no foundation for the warrant which was issued for its collection; and therefore, that the magistrate had no jurisdiction of the subject matter. We give no opinion regarding the legality of this tax, or whether the plaintiff was legally taxable, by the society of *Bethany* when said tax was imposed; for conceding to the plaintiff the correctness of his claim, in these respects, we are still of opinion, that the magistrate issuing this warrant had jurisdiction and authority to do so, and therefore, that it was not void, but valid, even as against the plaintiff.

The statute providing for the collection of taxes, (*sec.* 14.) directs, when a town or other community shall grant a tax, that "the select-men of towns and the committee of other communities shall make out rate-bills for the same, under their hands, containing the proportion of each individual to pay, according to the list made, and completed according to law; and shall apply to some justice of the peace, who is authorised *and required* to grant a warrant for collecting such tax," &c. Here is a positive requirement, which the justice of the peace has no right to disobey: he acts upon the application of the committee: he cannot look into the legality of prior proceedings of a community, to which, perhaps, he does not belong, and of whose proceedings he can know nothing, except as they may chance to appear on their records. As to who are the individuals composing such community; who are liable to pay taxes to it; whether their meetings have been legally warned, and properly conducted; he cannot judge, and is under no obligation to enquire. If an application is duly

made, by the committee, with a rate-bill, good and regular upon the face of it, we see not under this statute but the magistrate is bound to grant the warrant applied for. The committee act upon their own responsibility, and are liable for any abuse of their powers. And such, we believe, has been the received doctrine on this subject, in this state, and recognised by our courts. If then, the magistrate was obliged by law to grant the warrant in question, he had jurisdiction; and so it was not void, by reason of any of the objections urged against it, by the plaintiff. *Watson* v. *Watson, 9 Conn. Rep*. 141.

If the defendant had proceeded legally, his warrant would have been his justification; but we are of opinion, that the defendant, with a legal writ, conducted illegally. From the motion it appears, notwithstanding the officer's return to the contrary, that the defendant levied his warrant upon the horse of the plaintiff in *New-Haven*, and not in *Bethany ;* and that he posted and sold it in *Bethany.* This he had no right to do; it was a trespass. The statute for the regulation of civil actions (*sec.* 74.) after prescribing the preliminary duties of officers in the levy of executions upon personal estate, enacts: "And the officer shall advertise and post such estate, with a particular account thereof, on the sign-post in the society *where taken*, to be *there sold*, at public vendue," &c. From the facts disclosed upon the motion, it very clearly appears, that the defendant, the officer, did not, either formally or informally, take the horse in question in the society or town of *Bethany.* He arrested the plaintiff's body there, and held it in custody until he arrived in *New-Haven*, when he released the body; and in *New-Haven*, he took or levied upon the horse. Every act constituting a levy or taking of this horse, was commenced and completed in *New-Haven.* The statute expressly requires, that the posting and sale should have been in the same place. It was immaterial how the horse was managed, after the levy was made, or how much the convenience of the parties was promoted, by a posting and sale in *Bethany.* Of these matters neither the officer nor the court may judge : the law is imperative, and to its supremacy we must submit. *Watson* v. *Watson, 9 Conn. Rep.* 141.

The defendant was guilty of something more than a bare non-feasance; if he had not been, he would not have been a trespasser. He took and sold the plaintiff's property; and

these were acts of trespass, for which he must be holden responsible, inasmuch as he has failed to justify them, by his proceedings under his tax-warrant. 2 *Saund. Pl. & Ev.* 691. *Phillips* v. *Hall*, 8 *Wend*. 610.

We must, therefore, although not without reluctance, advise a new trial.

The other Judges concurred in this opinion.

New trial to be granted.