BURGESS *against* TWEEDY and another:

IN ERROR.

Nothing can be assigned for error, which contradicts the record.

But where it appeared from the record of a justice of the peace, that he was present, on the 7th of *August,* and adjourned the cause until the 14th, when he rendered judgment against the defendant by default; and it was alleged in the assignment of errors, that the defendant attended, on the 7th of *August,* from 9 o'clock until after 10 o'clock in the forenoon, and the justice did not appear; it was held, that such assignment was not inconsistent with the record.

In a suit before a justice of the peace, not only the day of appearance, but the hour of the day, ought to be designated in the writ; and although a judgment might be good, if no hour was designated, yet such an omission would be fatal upon a plea in abatement.

Where the hour is designated in the writ, it has been the practice, in this state, to wait for the appearance of the parties, until the expiration of that hour, and no longer, unless a reasonable excuse for further indulgence is shown; and this practice is highly reasonable and proper.

It is, therefore, a general rule, that no judgment can be rendered, in a justice's court, against a party who has appeared in time, except at the hour designated, or in a reasonable time thereafter; and what is a reasonable time, will be, as in all other cases, a question depending upon circumstances, and governed by a sound discretion.

It is a principle never to be departed from, that the right of a party in court shall not be taken away, without notice.

Where the defendant in a suit before a justice of the peace, appeared at the hour designated in the writ, and waited until its expiration; during which time

New-London, July, 1843.

Burgess,
v.
Tweedy.

neither the justic nor the plaintiff appeared; the defendant then departed; after which the justice appeared, and adjourned the cause to a future day, without giving the defendant any notice, and without his having any knowledge, of such adjournment; and at the adjourned court, judgment was rendered against him, by default; it was held, 1. that the defendant had a right to depart, when he did; 2. that the law implied no notice to him of the adjournment; 3. that the judgment so rendered against him, was erroneous.

THIS was an action of book debt, brought originally by *Tweedy* and *Barrows* against *Burgess*, before *George Perkins*, Esq., a justice of the peace, at his office in the town of *Norwich*, on the 7th day of *August*, 1841, at 9 o'clock in the forenoon. Judgment was rendered for the plaintiffs in the following terms: " *Tweedy* and *Barrows* v. *Chauncey Burgess,—August* 7th, 1841.—Then, on motion of the counsel for the plaintiffs, this cause was continued, and the court adjourned, till the 14th of *August*, 1841, at 9 o'clock, *A. M.*" —"*August* 14th, 1841. In this cause, the plaintiffs appeared, by their counsel; and the defendant, being three times publicly called, made default of appearance; and the court therefore finds, that the plaintiffs recover of the defendant the sum of 10 dollars, damages, and their costs, taxed and allowed at 1 dollar, 43 cents; and that execution issue accordingly."

To obtain a reversal of this judgment, *Burgess* thereupon brought a writ of error in the superior court, assigning for error, that he, the plaintiff in error, and the defendant in said action, appeared at the office of said *George Perkins*, Esq., in said town of *Norwich*, on the 7th day of *August*, 1841, at 9 o'clock in the forenoon of said day, being the time and place named in said original writ in said action against him, to defend in said action before said justice *Perkins*, and there attended and remained from 9 o'clock until after 10 o'clock, in the forenoon of said day, for the purpose of defending said action; that during the whole of that time, *viz.* from 9 o'clock until after 10 o'clock in the forenoon of said 7th day of *August*, 1841, said *George Perkins*, Esq., was not in his said office; nor did said *Tweedy* and *Barrows*, or either of them, during said time, appear at said office; nor did any person appear for them in said action, at said office, during said time; that the plaintiff in error left said office after 10 o'clock in the forenoon of said day, and before said *George Perkins*, Esq.,

had come into his said office, and before any person had appeared for said *Tweedy* and *Barrows ;* that said *George Perkins,* Esq., after 10 o'clock in the forenoon of said day, and after the plaintiff in error had left said office, adjourned said action to the 14th day of *August,* 1841, at 9 o'clock in the forenoon, of which said adjournment the plaintiff in error never had any notice or knowledge ; that on said 14th day of *August,* 1841, said *George Perkins,* Esq., rendered judgment in said action against the plaintiff in error, by default, without his knowledge, for said debt and costs.

New-London,
July, 1843.

Burgess
*v.*
Tweedy.

The defendants in error pleaded *Nothing erroneous ;* and the superior court affirmed the judgment of Justice *Perkins.* The present writ of error was thereupon brought.

*Strong* and *Hill,* for the plaintiff in error, contended, 1. That the plea of *Nothing erroneous* admits all the facts properly assigned. 1 *Sw. Dig.* 792. 2 *Wms. Saund.* 101. *s. Bac. Abr. tit.* Error. K. 2.

2. That in this case, the error is well assigned. 1 *Sw. Dig.* 791. 2 *Wms. Saund.* 101. *p., q.* The only exception to the assignment relied upon, is, that it contradicts the record. But is this so ? The assignment says, that *Burgess* attended at the justice's office, on the 7th of *August,* 1841, from 9 o'clock until after 10 o'clock in the forenoon ; that during that time, the justice was not present ; and that *Burgess* had no notice or knowledge of the adjournment. The record is perfectly consistent with these facts. But if otherwise, this matter could not be so *wrapped up :* justice could still see the truth. No man is concluded by a record, where he had no opportunity to be heard.

3. That the facts assigned are sufficient to reverse the judgment. In the first place, the *time* and *place* of appearance are to be designated, and due notice thereof given to the defendant. Secondly, in actions before justices, the *hour* is to be designated ; and *that* is the time of appearance. *Stat.* 295. *tit.* 38. *s.* 2. This is according to immemorial and invariable practice. If the hour is not the time, it must include the whole day ; and the defendant must wait until midnight, on pain of a judgment against him by default. Thirdly, if the justice is not present at the time and place designated, there is *no court ;* and no judicial proceeding can be had.

New-London,
July, 1843.

Burgess
v.
Tweedy.

Fourthly, the adjournment in this case was void, not only because there was no court to make it, but because the defendant had no notice of it. *Stat.* 137. *tit.* 19. act of 1833. *s.* 2. (ed. 1838.) If this judgment is sanctioned, a man may have a judgment rendered against him for default of appearance, when he had no opportunity to appear. This is not the *Connecticut* mode of administering justice. *Dyer* v. *Smith,* 12 *Conn. R.* 384. 392. The principles of that case are applicable to this.

*Foster,* for the defendants in error, contended, 1. That the judgment in this case was legally rendered, and the record regularly made up. There is nothing on the face of the record, that vitiates the proceedings.

2. That the matters assigned for error are inadmissible, being inconsistent with the record. The plaintiff in error says, that there was no judge there ; and of course, no judgment could be rendered, or judicial act performed. The record discloses a judge of competent jurisdiction, present, and acting in his judicial capacity. If absolute verity is predicable of this record, the allegations of the plaintiff in error are false. *Molins* v. *Wetby,* 1 *Lev.* 76. *Helbut* v. *Held,* 1 *Stra.* 684. S. C. 2 *Ld. Raym.* 1414. 2 *Wms. Saund.* 101. *q.*

3. That the adjournment did not render the judgment invalid. The defendant was cited to appear at the time and place designated, and had a legal opportunity to be heard ; and according to his own allegation, he did appear. He was then bound to take notice of the subsequent proceedings. No new process was necessary to advertise him of the adjourned court. The case is not within the act of 1833, as it does not appear, either from the record, or the allegations of the plaintiff in error, that at the time appointed for the trial, the justice was absent from the town where the trial was to be had.

WILLIAMS, Ch. J. The plaintiff in error claims, that he is aggrieved by the judgment of a justice of the peace, of which he had no notice, actual or legal ; and that this is the only way known to our practice to avoid it. The defendants in error say, that the error assigned is on the face of the record, and directly impeaches it ; which cannot be done ; in support

New-London, July, 1843.

Burgess
v.
Tweedy.

of which they cite the case of *Molins* v. *Wetby*, 1 *Lev.* 76. The principle, as claimed by the defendants, is correct, and is supported by numerous authorities, besides the case cited. *Helbut* v *Held*, 2 *Ld. Ray.* 1414. S. C. 1 *Stra.* 684. *Bradburn* v. *Taylor*, 1 *Wils.* 85. *Wetmore* v. *Plant*, in this court, 5 *Conn. R.* 541. The question, however, is, do these authorities apply to this case? In the case from *Levins*, there was a judgment purporting to be rendered by the duke of *Ormond*, in his court; and the error assigned was, that the duke was not present; [—the object was to try whether his duty could be discharged by deputy;] and the court held, that the absence of the duke could not be assigned for error, it being contrary to the record. And nothing is more clear, than that it was so; for the record alleged, that the judgment was before *James*, duke of *Ormond*. In this case, the record alleges, that the justice was present, on the 7th day of *August*, and adjourned the hearing to the 14th of *August*. The writ of error alleges, that *Burgess* attended, on the 7th of *August*, from 9 o'clock until after 10 o'clock, and the justice did not appear. But it is not alleged or claimed, that the justice was not present on the 7th day—only that he was not present from 9 o'clock until after 10, when the defendant attended. The facts thus stated in the record and in the writ of error are entirely consistent with each other; and as both may be true, we cannot say that one contradicts the other. Should a witness testify, that on the 7th of *August*, he saw the plaintiff and defendant meet at *Norwich*, and the defendant committed a gross assault upon the plaintiff; and another witness should state, that he was present on the 7th of *August* from 9 o'clock until past 10, and saw the parties together, but saw no assault; we should believe the first witness, without discrediting the second. Such is this case. Had the record before us asserted, that the justice appeared between the hours of 9 and 10, and adjourned this cause, then it would be within the principle of the case cited: but now both stand well together. The justice did attend upon the 7th; the defendant also did attend from 9 to 10, and after, on the same day. This objection, therefore, cannot prevail.

It is also claimed, by the defendants in error, that the alleged grievance is not the subject of a writ of error. Whatever remedy may exist elsewhere, we think that by

*New-London,* the practice in this state, it is settled, as asserted by the late
*July, 1843.* Ch. J. *Swift,* that where the party has no legal capacity to ap-
Burgess pear, or where he has no legal opportunity to appear, or where
*v.* the court has no power to render judgment, a writ of error will
Tweedy. lie. 2 *Sw. Dig.* 790. The answer to this was, that the de-
fendant had a legal opportunity to appear before the justice,
and so is not within that class of cases. Whether this is so
or not, must depend upon the decision of another question,
whether the course pursued by the justice was correct; for
if it was, the law must presume that the defendant had op-
portunity to appear and be heard. Had the justice authori-
ty, under the circumstances of this case, to adjourn the cause
to a future day, without the knowledge of the defendant? It
is a question of practical importance; and though we have
no reason to suppose, in this case, that any thing wrong was
intended; yet as it is presented for the consideration of this
court, it must be settled upon legal principles, and in a man-
ner best calculated to subserve the cause of justice. Suits
before justices of peace are all comparatively of small amount,
many of them very trivial: of course, it has been common,
from an early period, in writs returnable before a justice,
that the hour should be fixed for trial. In accordance with
this practice, the forms given in the statute are framed for a
certain hour. Were it otherwise, a party might come at an
early hour and be detained to the last of the day for a hear-
ing, without knowing whether he should ever meet an adver-
sary. It might also prove a serious delay to the magistrate
himself. A certain hour is therefore important to all con-
cerned in the administration of justice, in such cases. And
although a judgment might be good, if no hour was fixed;
yet such an omission would be fatal upon a plea in abate-
ment.

A question then arises, if any hour is fixed, is the court
limited to the exact time? It has been a common, if not an
universal practice, to wait until the expiration of the hour
specified in the writ; and it has not been usual to wait long-
er, unless a reasonable excuse was shown for further indul-
gence. This practice we think highly reasonable and proper,
in exact conformity with that in the state of *New-York.*
*Shufelt* v. *Cramer,* 20 *Johns. R.* 309.

New-London,
July, 1843.

Burgess
v.
Tweedy.

It may be asked, is this rule to be inflexible? Shall the defendant have a right to demand his dismission at the moment the hour has passed, when he has good reason to believe the other party, or the magistrate, is at hand? Shall he be permitted to pass them at the door, because the clock may have struck? We think not. Nor, on the other hand, shall a defendant come with his witnesses from a distance, at the call of his adversary, and be obliged to wait as if no hour was named, and thus be deprived of all the advantages which were intended, by fixing a precise time. Both evils should be avoided; and while the general rule should be, that from the hour named to the succeeding hour, no proceedings ought to be had, unless all parties were present; yet circumstances may occur, which would authorize the magistrate, in the exercise of a reasonable discretion, to vary from it. He or his family may be sick; or an inevitable accident may detain a party upon the road; or other official engagements may occupy the court. No better or safer rule, then, can be adopted than that no judgment can be rendered against a party, who has appeared in time in a justice's court, except at the hour set, or in a reasonable time thereafter. What is a reasonable time, will be, as in all other cases, a question depending upon circumstances, and governed by a sound discretion. In *New-York*, when a trial was delayed five hours, the justice being engaged in the trial of another cause, it was held not to be a discontinuance. *Chamberlain* v. *Lovet*, 12 *Johns. R.* 217. *Hunt* v. *Wickwire*, 10 *Wend.* 102. And where the time fixed was 2 o'clock, and the defendant, at 3 o'clock, insisted upon the cause being called, but the justice delayed it 20 minutes, when the plaintiff appeared, and the defendant, on seeing him, withdrew, a judgment against the defendant was held good. *Baldwin* v. *Carter*, 15 *Johns. R.* 496. *Wilde* v. *Dunn*, 11 *Johns. R.* 459. On the other hand, where the defendant was defaulted, but came in while the plaintiff's witnesses were under examination, and the justice decided that it was too late for him to appear, the court held, that the judgment was erroneous. *Atwood* v. *Austin*, 16 *Johns. R.* 182. These cases, though not authority here, confirm the views which the court had taken of this case, and the result to which we arrived on the hearing.

To apply then the principles of these cases to the facts be-

*New-London,*
July, 1843.
Burgess
*v.*
Tweedy.

fore us—Here the plaintiff in error appeared at the hour he was summoned to appear, and waited until after its expiration. Neither the magistrate nor the other party appeared; nor was any explanation given, which required his further attendance. If he might not then depart, it would be difficult to say that he must not continue during the day. *Taft* v. *Grosfent,* 5 *Johns. R.* 353. Having obeyed the summons, having waited the hour, and having no reason to believe there was an intention to pursue the claim, we cannot hesitate in saying he had a right to depart. If the justice was necessarily delayed, it was proper and right that notice should have been given of the fact to the parties; or if the circumstances were of such a character that immediate notice could not be given, such notice ought to have been given before a judgment should have been rendered by default. Whether under peculiar circumstances the justice might not have adjourned to a future day, we do not feel bound to decide; for clear we are, that such an adjournment, without notice to the party in interest, would no more authorize a default than if the same step had been taken at the time of the adjournment in the absence of the party. *Wiest* v. *Critsinger,* 4 *Johns R.* 117. Our statute does not seem to contemplate an adjournment in the absence of a party. Still where it is consented to, by the parties, or where the circumstances of the parties, or the necessities of the magistrate require it, we are not ready to say that it is not allowable. But an adjournment without knowledge brought home to the parties, is a violation of a principle which this court must ever regard, that the right of a party in court shall not be taken away, without notice. Holding, as we must, that the defendant below had a right to leave when he did, it is impossible to say, that he was bound to take notice of this adjournment. If so, there can be no implied notice: and it being conceded, that there was no actual notice, this default was irregularly entered. And although the case of *Dyer* v. *Smith* occurred in another jurisdiction, yet the remarks there made are equally applicable to this case. " A man, when he is sued to answer before a justice, ought to know at what time he must attend, and how long he must remain, in order to discharge the duty imposed upon him by law; and having discharged that duty, and no justice having been found, he ought to be discharged from the

suit. To suffer a justice to render a judgment against him, at any time afterwards, at his pleasure, would open a door to a most mischievous abuse of judicial power." 12 *Conn. R.* 392.

*New-London, July 1843.*

Burgess
v.
Tweedy.

We think, therefore, that the judgment must be reversed.

In this opinion the other Judges ultimately concurred; HINMAN, J. at first dissenting.

*Judgment reversed.*