## BRIDGET NUGENT *vs.* TERRENCE WRINN.

By long established practice one hour of grace is allowed to parties in appearing in actions brought before justices of the peace.

But the rule that limits one hour for this purpose is not inflexible in its application. Circumstances may occur which will make it proper for a magistrate in the exercise of a reasonable discretion to vary from it. And where the matter comes to one of minutes, allowance should be made for the want of accuracy of ordinary time-pieces.

A case before a justice in a country town stood adjourned to a certain day at nine o'clock in the forenoon. The plaintiff, his attorney and the justice waited until, by the attorney's watch, it was ten minutes after ten, when the justice defaulted the defendant, and they went to the attorney's office close by, where the attorney was drawing up a form of judgment for the justice to sign, when the defendant came in. It was then by the attorney's watch twenty minutes after ten. The defendant claimed that by her clock it wanted six minutes of ten when she left her house, which was only two minutes' walk from the justice's office, and asked to be allowed to file a demurrer, which her counsel had prepared for her the day before, and to appeal the case. The justice refused

to open the case, and entered up judgment for the plaintiff.  Judgment reversed on a writ of error.

WRIT OF ERROR to reverse a judgment of a justice of the peace; brought to the Court of Common Pleas of Hartford County, which (*McManus, J.*,) affirmed the judgment, and by motion in error from that judgment brought to this court. The case is fully stated in the opinion.

*R. Hicks*, for the plaintiff in error, cited *Burgess* v. *Tweedy*, 16 Conn., 45; *Wilde* v. *Dunn*, 11 Johns., 459; *Sweet* v. *Coon*, 15 id., 86; *Baldwin* v. *Carter*, id., 496; *Atwood* v. *Austin*, 16 id., 180; *Barber* v. *Parker*, 11 Wend., 52.

*M. M. Holcomb* and *S. O. Prentice*, for the defendant in error, cited *State* v. *Rowley*, 12 Conn., 106; *Burgess* v. *Tweedy*, 16 id., 39; *Shufelt* v. *Cramer*, 20 Johns., 309; *In re Pulver*, 6 Wend., 632.

PARDEE, J.   Terrence Wrinn brought an action of assumpsit against Bridget Nugent, returnable before a justice of the peace in the town of Southington, which by proper adjournment was set down for trial at nine o'clock in the forenoon of July 31st, 1875.   On that day the justice, the plaintiff and his counsel were at the appointed hour and place and remained until ten minutes after ten o'clock, as indicated by the watch of the latter, when, the defendant not appearing, she was three times publicly called and defaulted.   The justice then left the court-room, crossed the street to the office of the plaintiff's counsel, and signed a record of the judgment which had been written upon the file.   The defendant entered the court-room just after the departure of the justice.   She went immediately to the office where the justice then was, entering before the completion of the record, bringing a demurrer which had been drawn for her by her counsel on the previous day, and asked to be allowed to file it and appeal the case, claiming that her house was only two minutes walk from the court-room, and that when she left home her clock indicated nine o'clock and fifty-four minutes.   Between the hours of nine and ten o'clock the defendant's husband was in the

vicinity of the court-room; he knew of the pendency of the cause and the hour to which the hearing had been adjourned; he saw the justice in the court-room and saw him leave it; he knew that his wife had the demurrer and that she intended to file it; at half past nine he had told her to hasten or she would be late; but he said nothing to the justice, or to the plaintiff, or to the counsel. It is found that she reached the office when the court was making up the record, at about ten o'clock and twenty minutes. The plaintiff objected to her motion, and the justice rejected it and entered up judgment against her. She thereupon brought her writ of error to the Court of Common Pleas for Hartford County at the September term, 1875, and at the March term, 1876, that court decided that there was no error in the action of the justice; and now she has filed her motion in error and brought the case before this court.

By an unwritten law, which under long continued usage has acquired the strength of a legislative enactment, one hour of grace is the privilege of parties in the matter of appearing to answer to actions in the courts of justices of the peace. We do not design either to extend or curtail this right. But different time-pieces will always vary in marking minutes, and no absolutely fixed and unvarying rule can be laid down by which the magistrate is to be governed in the matter of adjourning his court. As a practical matter however, it is to be remembered that courts and forms exist for men and not men for these; and that it is better that the door of justice should stand open one minute beyond, than that it should be closed one minute within the hour. Chief Justice WILLIAMS said in *Burgess* v. *Tweedy*, 16 Conn., 45: "It may be asked, is this rule to be inflexible? Shall the defendant have a right to demand his dismission at the moment the hour has passed, when he has good reason to believe that the other party or the magistrate is at hand? Shall he be permitted to pass them at the door because the clock may have struck? We think not. Nor, on the other hand, shall the defendant come with his witnesses from a distance at the call of his adversary, and be obliged to wait as if no hour was named, and thus be deprived

of all the advantages which were intended by fixing a precise time. Both evils should be avoided; and while the general rule should be, that from the hour named to the succeeding hour no proceedings ought to be had unless all parties were present, yet circumstances may occur which would authorize the magistrate in the exercise of a reasonable discretion to vary from it." In *Atwood* v. *Austin*, 16 Johnson's R., 182, where the defendant was defaulted, but came in while the plaintiff's witnesses were under examination, and the justice decided that it was too late for him to appear, the court held that the judgment was erroneous. Presumably this defendant intended to appear and protect her rights; she had made all necessary legal preparation upon the previous day; and she has given evidence of her earnestness in contesting the plaintiff's claim upon its merits. When she appeared the justice and the parties were within one minute's walk of the court-room; another minute would have sufficed to receive the demurrer and grant the appeal. It is not found or suggested even that any inconvenience would have resulted either to court, party or witness. Inasmuch as, strictly speaking, in the absence of any standard of reference we cannot have any certainty as to moments of time in this transaction, the court below is not to be understood as finding as a fixed fact that it was ten o'clock and ten minutes when the justice adjourned his court; but only that one time-piece, the watch of the plaintiff's counsel, so indicated. As the appearance of the defendant followed so closely upon the default, and as we prefer to hear rather than deny a hearing, we are inclined to say that there is error in the judgment of the court below confirming the refusal of the justice to receive the plea and grant the appeal.

In this opinion the other judges concurred.