H. C. HOLDREDGE *et al.* v. C. A. J. McCOMBS.

No. 505.

1. OFFICERS—*Process Regular—Protection Against Liability.* "A sheriff cannot be wiser than his process, and if the officer or tribunal by which it is issued has jurisdiction over the subject-matter, and the process is regular on its face, showing no departure from the law or defect of jurisdiction, it will afford a complete protection to the officers executing it against any prosecution therefor." (*Barr v. Combs*, 29 Ore. 399, 45 Pac. 776.)

2. ———— *Action on Official Bond—Negligence of Constable.*
In an action on a constable's bond against the officer and his sure-
ties, for damages occasioned by the alleged wrongful seizure and
sale of the plaintiff's property under attachment process, the pe-
tition alleged that part of the property levied on was wasted
through the officer's negligence, and that the attached property
was sold at private sale. *Held*, that a demurrer to the petition,
on the ground of failure to state facts sufficient to constitute a
cause of action against the defendants, was properly overruled.

Error from Sumner district court; J. A. BURNETTE,
judge. Opinion filed March 20, 1899. Affirmed.

*P. C. Simons*, for plaintiffs in error.

*S. C. Burnette*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was brought by C. A. J.
McCombs on a constable's bond executed by H. C.
Holdredge, as principal, and Wm. Corzine and Ira
T. Gabbart, as sureties, to recover damages for the
alleged wrongful seizure and sale by Holdredge, as
constable, of personal property belonging to the plain-
tiff below under orders of attachment issued by a
justice of the peace of the city of Caldwell in certain
civil actions instituted by the John Deere Plow Com-
pany against McCombs. The defendants jointly de-
murred to the petition on the ground that it failed to
state facts sufficient to constitute a cause of action.
The demurrer was overruled, and the defendants, elect-
ing to stand on the same, bring the case here for re-
view.

The petition alleged that the orders of attachment
were void for the reason that they were issued by the
justice of the peace without any proper or legal affida-
vits having been first made, and for the further reason
that no attachment undertaking had been given as

required by law; but it was not alleged that the constable was aware of such facts.  Copies of the orders of attachment and a copy of the constable's bond were annexed to the petition as exhibits.  Each order was regular on its face.  The bond was in the penal sum of $1000 and contained the statutory conditions.  The petition also alleged that without the personal knowledge of the plaintiff, and during his temporary absence from the state of Kansas ( his residence being in Sumner county), the seizure and sale of his property under the orders of attachment took place, and that the total value of the property taken by the constable was $1580.  The property was mainly wheat in the stack, and it was alleged that the constable wasted 500 bushels of the grain by reason of negligence in the thrashing thereof.  It was further alleged that the constable sold the attached property at private sale. The petition did not intimate that McCombs had any defense to the actions brought by the John Deere Plow Company, and did not deny that the grounds for attachment as stated in the affidavit may have existed.

Was the demurrer to the petition properly overruled? On the state of facts as disclosed by the petition, we think it must be held that the officer was protected in making the levy, and that no action for damages lay against him or his sureties on account thereof.  The overwhelming weight of authority has firmly established the rule that where a writ of attachment or an execution, "fair on its face," has been issued by a court of competent jurisdiction in the premises, the officer is protected in obeying its commands, and is not concerned with any irregularities that may exist back of it.  See Cooley on Torts, 460, 463.  On page 463 it is said :

" The protection the officer receives from the ap-

parent validity of the process is personal to the officer and those called in by him to assist in the service; that is to say, it protects them against being made liable as trespassers in obeying its command.''

The following from Drake on Attachments, sections 117 and 118, is applicable here:

'' But though an attachment sued out without sufficient bond having been taken should be considered absolutely void as to the defendant, yet it will, unless the defect appear on the face of the writ, justify an officer in making a levy under it. It was so held in Kentucky, where, as stated in the last section, the court, on writ of error by the defendant, held the attachment void in such case.

'' But though an officer executing the writ under such circumstances is not liable as a trespasser, yet the party who causes the writ to issue without giving bond, and the officer who issues it, are both so liable to the defendant.''

See also Freeman on Executions, section 101, and the cases cited in the note thereto. In harmony with the foregoing is the decision in the case of *Barr v. Combs*, 29 Ore. 399, 45 Pac. 776, which was an action of trespass for the seizure, detention and sale under an execution, of certain personal property belonging to the plaintiff, by the defendant Combs, as sheriff, at the instigation and request of his codefendant Rader, the execution creditor. The plaintiff alleged that prior to the issuance of the execution, the judgment on which it was based had been paid, and sought to introduce certain evidence to charge the sheriff with knowledge of that fact. The court, referring to the execution, which was regular on its face, said:

'' It was, therefore, a complete protection to him although he may have known that the judgment on which it was based had in fact been satisfied. A sheriff cannot be wiser than his process; and if the

Holdredge v. McCombs.

officer or tribunal by which it is issued has jurisdiction over the subject-matter and the process is regular on its face, showing no departure from the law or defect of jurisdiction, it will afford a complete protection to the officer executing it against any prosecution therefor, and he is not affected as to this rule of protection by anything he may have heard or learned outside of the process.    Crock. Sher. § 283; *Erskine v. Hohnbach*, 14 Wall. 613; *Twitchell v. Shaw*, 10 Cush. 46; *Mason v. Vance*, 1 Sneed, 178; *O'Shaughnessy v. Baxter*, 121 Mass. 515; *Watson v. Watson*, 9 Conn. 140; *Webber v. Gay*, 24 Wend. 485; *People v. Warren*, 5 Hill, 440.

"When, therefore, the execution was placed in the hands of Combs for service, it was his duty to execute it as commanded by its terms, and he is not liable for trespass in so doing, even if he knew the judgment had been paid."

No liability having been incurred by the officer or his sureties by reason of the levies under the writs of attachment, the next inquiry is whether such liability has arisen from the subsequent acts or negligence of the officer.   The petition alleged that, by reason of his negligence in respect to the thrashing of the wheat levied on, 500 bushels thereof were wasted.   As shown by the appraisement, that quantity of wheat was worth about $135.   The petition also alleged that the constable sold the attached property at private sale. Treating such allegations as substantive facts, it must be held that the officer was guilty of a breach of his bond in each of the two particulars stated.   In this view, it appears that the demurrer to the petition was properly overruled, and the order of the court overruling the same will accordingly be affirmed.   As the record does not disclose the nature of the judgment entered by the trial court, the cause will be remanded for further proper proceedings.