THE AETNA INSURANCE COMPANY *v.* MOSES BLUMENTHAL ET ALS.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued November 4, 1942—decided January 8, 1943.

*T. Holmes Bracken,* for the appellant (plaintiff).

*Samuel I. Safenovitz,* for the appellee (named defendant).

*Arthur M. Brown,* with whom, on the brief, was *Charles V. James,* for the appellees (defendants Hoxsie and Cook).

MALTBIE, C. J.   The plaintiff sought to recover damages for the claimed unlawful release, through the administration of the poor debtor's oath, of its judgment debtor imprisoned in jail under a body execution. The justice of the peace who administered the oath, the sheriff as jailer and the deputy jailer are the parties defendant.   The trial court rendered judgment for the defendants and the plaintiff has appealed.

The statute provides that any prisoner held under civil process may apply to a justice of the peace to take the poor debtor's oath; that notice of the application, signed by the justice, shall be given "the adverse party, if an inhabitant of the state, otherwise to his attorney," to appear and show cause why the oath should not be administered; that the notice shall be served "at least four days inclusive before the day specified for administering such oath"; that the justice "shall inquire into the matter and, if no sufficient reason is shown to the contrary," shall administer the oath; and that the jailer shall thereupon discharge the prisoner unless the creditor shall give to him "immediate notice in writing" that he intends to apply for a review and shall deposit board money with the jailer. General Statutes, § 2027.   The statute does not ex-

pressly provide that the justice shall issue a certificate that he has administered the oath but this is implied in the nature of his office and the character of the function. *Anderson* v. *Dewey,* 91 Conn. 510, 512, 100 Atl. 99. While the actual administration of the oath is a ministerial act, the determination that "no sufficient reason is shown to the contrary" involves the exercise of a judicial function. *Anderson* v. *Dewey,* supra. As the prisoner is held to answer the judgment, the party obtaining it, in this case the plaintiff, is the "adverse party" entitled to notice; and, if he is an inhabitant of the state, notice to his attorney is, under the clear implication of the statute, insufficient.

The prisoner applied to the defendant Blumenthal, a justice of the peace, to have the oath administered, and on February 13th Blumenthal issued a citation to the plaintiff and its attorneys to appear before him on February 20th at 1 p.m. to show cause why the oath should not be administered. Copies of the notice were served on the plaintiff's attorneys on February 15th and 17th and on the plaintiff on the latter day. The dates of service were stated in returns by the officers making service. No appearance having been made for the plaintiff, the justice, at about 1:30 p.m. on February 20th, administered the oath and issued a certificate to that effect. He then handed to the deputy jailer a certificate which recited that, service having been made on the plaintiff and its attorneys, "as shown by the officer's return thereof," a hearing was held by him at the jail at 1 o'clock on February 20th, when the parties appeared and, the prisoner having been examined and no reason to the contrary appearing, he administered the oath, and that the prisoner "is hereby discharged from jail." The hearing was in the jailer's office at the jail, and the defendant Cook, the deputy jailer, was present there with the debtor, his attorney and the

justice, from 1 p.m. until the oath was administered; after administering it, the justice handed the certificate to Cook and, having read it, Cook immediately released the prisoner. About fifteen minutes later an attorney for the plaintiff appeared at the jail but the prisoner had departed.

The general principle determining the civil liability of a justice of the peace in such a situation as the one before us is stated in *Prince* v. *Thomas,* 11 Conn. 472, 476, and repeated in *Case* v. *Bush,* 93 Conn. 550, 552, 106 Atl. 822, as follows: "If a warrant issues from a magistrate or officer of special and limited powers, who has not jurisdiction of the person, subject-matter and process, all who are voluntarily and actively engaged in its procurement and execution, are trespassers." This rule is, however, subject to a well-recognized qualification which, as applicable to the situation before us, is stated in *Broom* v. *Douglass,* 175 Ala. 268, 273, 57 So. 860, as follows: "When such judge acts judicially with respect to a subject-matter of which he has a general jurisdiction, but in the particular case he has acquired no jurisdiction of the person affected, he is not liable if the act involves his present or previous affirmative decision that he has jurisdiction of such person and authority to proceed in the particular case, provided (1) a colorable case has been presented to him which fairly calls for or permits the exercise of his judgment with respect thereto; and provided (2) he has determined in good faith, without malice or corruption, that the case presented calls for the exercise of his general jurisdiction." See also *Bradley* v. *Fisher,* 13 Wall. (80 U. S.) 335, 352, 20 Law. Ed. 646; *Austin* v. *Vrooman,* 128 N. Y. 229, 238, 28 N. E. 477; *Rush* v. *Buckley,* 100 Me. 322, 331, 61 Atl. 774; *Grove* v. *Van Duyn,* 44 N. J. L. 654, 660; *Langen* v. *Borkowski,* 188 Wis. 277, 292, 206 N. W.

181. In the instant case, the justice had jurisdiction over the subject matter, the administration of the oath, and the trial court found that he decided in good faith and without malice that he had jurisdiction of the person of the plaintiff. While this is stated among the conclusions of the court, it is clearly a finding of a fact from evidence and not a deduction; in fact, if there were doubt as to this, a short excerpt from the evidence quoted in the finding to present a ruling of the court definitely establishes it to be so. As such a finding, it is open to attack only on the ground that the evidence fails to support it; *Cumbo* v. *E. B. McGurk, Inc.*, 124 Conn. 433, 436, 200 Atl. 328; *Davis* v. *Davis*, 128 Conn. 243, 248, 21 Atl. (2d) 393; and as the evidence, except as we have noted, is not printed, the finding must stand. The justice was wrong in deciding that service on the 17th was notice "four days inclusive before the day specified for administering such oath," that is, the 20th. *Brooklyn Trust Co.* v. *Hebron*, 51 Conn. 22, 27. But we cannot hold that there was not at least a colorable basis for his decision that he had jurisdiction of the plaintiff. If he should have waited a full hour after the time fixed for the hearing before administering the oath, this was an error in the exercise of his jurisdiction and would not make his action in administering it void, or make him personally liable therefor. *McVeigh* v. *Ripley*, 77 Conn. 136, 141, 58 Atl. 701; *Bradley* v. *Fisher*, supra; *Ackerley* v. *Parkinson*, 3 M. & S. 411, 105 Eng. Rep. R. 665; notes, 13 A. L. R. 1345, 55 A. L. R. 283. The facts fail to establish a basis for holding the defendant justice of the peace liable in this action.

As regards the other defendants, the sheriff is made responsible by statute for any fault or negligence of the deputy jailer; General Statutes, § 2006; and we need only consider the latter's liability. He claims that

he is protected because he acted in reliance upon the certificate of the justice that he had administered the oath which was valid and regular upon its face. The second part of the general principle quoted above, from the *Prince* case, that where process is issued by a magistrate without jurisdiction "all who are voluntarily and actively engaged in its procurement and execution, are trespassers," to some extent runs counter to the equally well-established principle which, briefly and generally stated, is that "A process valid on its face protects the officer who serves it." *McGann* v. *Allen,* 105 Conn. 177, 187, 134 Atl. 810. While the certificate of the justice in this case is not a process, it affords to the officer who acts under it a like protection. *Anderson* v. *Dewey,* supra. No doubt if an officer acted under a process issued by a court or magistrate who as matter of law was clearly without jurisdiction liability might attach. 57 C. J. 904, § 529. Where, however, the court or magistrate has general jurisdiction and the want of jurisdiction depends upon matters of fact, an officer is protected if the process is valid on its face. The distinction was pointed out in the early case of *Grumon* v. *Raymond,* 1 Conn. 40, in which both a justice of the peace and a constable were held liable for false arrest under a search warrant void upon its face, and in which we said (p. 47): ". . . although an officer is not always liable when he executes an improper warrant; yet this is in a case where it does not appear on the face of the warrant that it is illegal. It may, for any thing that the officer can discover, be legal; and in such a case, it is his duty to obey, and to presume that it is lawful. But an officer is bound to know the law; and when the warrant, on the face of it, appears to be illegal, and he executes it, he is liable to the person arrested." So in *Allen* v. *Gray,* 11 Conn. 95, a justice of the peace, a grand juror

and a constable were held liable for false arrest under a warrant issued on the complaint of a grand juror under a statute providing a qui tam penalty but not for an arrest under a criminal process. On the other hand, in *Anderson* v. *Dewey,* supra, the question was as to the liability of the defendant sheriff for the release of a prisoner upon a certificate that the poor debtor's oath had been administered to him, and by demurrer it was admitted that notice of the hearing on the application to take the oath had not been given the judgment creditor; yet we held that, as the certificate was sufficient and valid on its face, the sheriff was not liable. The want of jurisdiction of the justice in the case before us due to the failure to make proper service was not so clear as in itself to deprive these defendants of protection under the certificate.

The certificate in this case, instead of reciting that proper service had been made, states that service had been made on the plaintiff and its attorney as shown by the officer's return, and it contains certain statements which were not true; thus it recites that "said parties" appeared at the hearing at 1 p.m., whereas there was no appearance for the plaintiff before the oath was administered, and the matter was heard at 1:30, not at 1 p.m. But if the jailer ought, in view of the reference to the return of service, to have examined it, he would have found that it was served on the plaintiff on February 17th; and if, as we have held, service on that day was sufficient to give colorable support, under the terms of the statute, to the decision of the justice that this constituted proper service, certainly the jailer was justified in accepting that decision, as evidenced by the issuance of the certificate. If he was entitled to rely on the certificate as evidencing proper service, it was of no consequence, as regards his right to act under it, whether or not the plaintiff did

in fact appear. There was an old rule, which in *Nugent* v. *Wrinn,* 44 Conn. 273, 275, was stated by long continued practice to have acquired the strength of a legislative enactment, under which parties were allowed one hour of grace in which to appear before a justice of the peace. In view of present-day means of transportation and communication, there seems little reason for the continuance of that practice; and while, as stated in *Burgess* v. *Tweedy,* 16 Conn. 39, 46, the justice should exercise a reasonable discretion in proceeding with a matter in the absence of a party at or after the hour set, we should hesitate to hold that he is under an obligation to wait a full hour. We need go no further in this case.

When we speak of process "valid on its face," in considering whether it is sufficient to protect an officer, we do not mean that its validity is to be determined upon the basis of scrutiny by a trained legal mind; nor is it to be judged in the light of facts outside its provisions which the officer may know. *Watson* v. *Watson,* 9 Conn. 140, 146; *Rush* v. *Buckley,* supra, 327; *People* v. *Warren,* 5 Hill (N. Y.) 440; *McIntosh* v. *Bullard, Earnheart & Magness,* 95 Ark. 227, 232, 129 S. W. 85; *Gott* v. *Mitchell,* 7 Blackf. (Ind.) 270, 271; *Owls Nest* v. *Haines,* 189 Mo. App. 433, 436, 176 S. W. 513; *Holdredge* v. *McCombs,* 8 Kan. App. 663, 666, 56 Pac. 536. Unless there is a clear absence of jurisdiction on the part of the court or magistrate issuing the process, it is sufficient if upon its face it appears to be valid in the judgment of an ordinarily intelligent and informed layman. To hold otherwise would mean that an officer must often act at his peril or delay until he has had an opportunity to search out legal niceties of procedure and, as said in *Anderson* v. *Dewey,* supra, 514, "A result subjecting him to constant danger of liability would be an intolerable hardship to him, and

inevitably detract from the prompt and efficient performance of his public duty." We cannot hold that, with the certificate before him, fortified by the action of the justice which it evidenced, the jailer could not properly regard it as valid on its face. *Stewart* v. *Hawley*, 21 Wend. (N. Y.) 552, 556. That being so, no liability attaches to him because of his release of the prisoner.

There is no error.

In this opinion the other judges concurred.