SALVATORE FERRAIUOLO ET AL. *v.* CHARLES HENCHEL

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 91516

Memorandum filed December 1, 1959

*George W. Chisaski* and *B. Fred Damiani,* both of New Haven, for the plaintiffs.

*Morris W. Mendlesohn,* of New Haven, for the defendant.

ALCORN, J. The plaintiffs, alleging that they "were participating in a primary election" in New Haven in which the plaintiff Damiani was a candidate for mayor, seek to recover damages from the defendant, a judge of the New Haven municipal court, arising out of the latter's disposition of a case in that court. The claim is that because of the defendant's action in that case the plaintiffs were sub-

jected to a malicious prosecution action and incurred "attorney fees, inconvenience, embarrassment, damage and injury to their reputation, mental distress," and "public ridicule and humiliation."

The substance of the complaint is that Damiani became a candidate for mayor on September 3, 1959. A primary election in which he was to participate was to be held on September 24, 1959. On September 10, 1959, the plaintiffs made written complaint under oath to an alternate trial justice in Cheshire that a registrar of voters of plaintiffs' political party in New Haven had violated the law in various respects during a primary held in New Haven during the preceding year, namely, on September 25, 1958. As a result of that complaint the registrar of voters was arrested and presented for trial in the New Haven municipal court. On the same date, Damiani wrote "to all the judges and all the prosecutors of the New Haven City Court and asked them to disqualify themselves" on the ground of bias and prejudice. The defendant, however, presided at the trial and discharged the person complained against. The defendant, although requested, refused to disqualify himself as the presiding judge and in so doing "acted maliciously and/or corruptly, unreasonably, and arbitrarily." The defendant should have disqualified himself because of long-standing political, social, and other association with the registrar of voters complained against, rendering him incapable of a disinterested and impartial decision. As a result of the discharge, the claimed damage followed.

The defendant demurs on five grounds, only one of which need be discussed. While the plaintiffs do not specifically so allege, they apparently acted initially pursuant to what is now § 9-368 of the 1958 Revision (formerly Cum. Sup. 1955, § 845d), which provides: "Arrest of accused. Upon the written

complaint of any three electors of a town in which a violation of any law relating to elections has occurred to any trial justice of the county in which the offense has been committed, supported by oath or affirmation that the complainants have good reason to believe and do believe that the allegations therein contained are true and can be proved, such trial justice shall issue a warrant for the arrest of the accused." The tenor of the warrant or even the fact that it issued is not alleged. The assertion is only that "as a result of said written complaint given to said Alternate Trial Justice" the person complained against "was arrested and presented" in the New Haven municipal court "for trial." Plaintiffs do not allege that whatever process was issued was ineffectual to bring the case within the jurisdiction of the New Haven court. On the contrary, it is implicit in their complaint that that court did have jurisdiction, because the protest is over the fact that the registrar of voters complained against was discharged rather than convicted.

Concerning the hearing in the City Court, the complaint is also silent beyond the allegation that the registrar of voters was "discharged." The basis for the action taken is not alleged. From aught that appears, the court may have determined that the process was ineffectual to give the court jurisdiction.

The judge of an inferior court of record "is never answerable in a civil suit for a judgment rendered by him, in his judicial capacity, however erroneous, provided he has jurisdiction." *Holcomb* v. *Cornish,* 8 Conn. 375, 381. This means jurisdiction over the person, the process and the subject matter. *McVeigh* v. *Ripley,* 77 Conn. 136, 139; *Case* v. *Bush,* 93 Conn. 550, 552. If such judge has a general jurisdiction, but no jurisdiction of the person, he still is not liable "if the act involves his present or previous

affirmative decision that he has jurisdiction of such person and authority to proceed in the particular case, provided (1) a colorable case has been presented to him which fairly calls for or permits the exercise of his judgment with respect thereto; and provided (2) he has determined in good faith, without malice and corruption, that the case presented calls for the exercise of his general jurisdiction." *Aetna Ins. Co.* v. *Blumenthal,* 129 Conn. 545, 549.

The allegations made in the present complaint that the defendant "acted maliciously and/or corruptly, unreasonably and arbitrarily" concern themselves only with the claim that the defendant should have disqualified himself from hearing the case. In the absence of allegations sufficient to bring the case within the well-established principles above set forth, the complaint is insufficient as a statement of a cause of action.

The demurrer is sustained on ground (d).